■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARMEN DOWDALL, Appellant. (Appeal No. 1.) [654 NYS2d 72] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed and new trial granted on counts one and two of indictment in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of burglary in the third degree, criminal mischief in the fourth degree and two counts of harassment in the second degree. We reject the contention that the evidence is legally insufficient to support the conviction for burglary in the third degree. The principal issue at trial was whether defendant had permission to enter his girl friend's apartment. Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we conclude that it is legally sufficient to support the jury's finding that, at the time defendant broke into the apartment, he did not have

his girl friend's permission to enter (*see, People v Jordan*, 193 AD2d 890, 893-894, *lv denied* 82 NY2d 756; *People v Quinones*, 173 AD2d 395, *lv denied* 78 NY2d 972). Further, upon weighing the relative probative force of the conflicting testimony, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Long*, 224 AD2d 949, *lv denied* 88 NY2d 967).

County Court did not err in admitting evidence of a prior uncharged offense of harassing the same victim. That evidence was relevant on the issue of defendant's intent when breaking into the apartment (*see, People v Schwerbel*, 224 AD2d 830). We also reject the contention that defendant was denied effective assistance of counsel.

We nevertheless conclude that defendant's conviction of burglary in the third degree and criminal mischief in the fourth degree under counts one and two of the indictment must be reversed and a new trial granted on those counts. The prosecutor repeatedly impeached his own witnesses with prior inconsistent statements and compounded the error when, on summation, he denigrated their credibility and called attention to the fact that he had impeached their testimony with prior statements. Indeed, the prosecutor repeatedly commented that three of his witnesses were lying and only one was telling the truth. Sharp credibility issues were raised at trial and, despite defense counsel's failure to object on CPL 60.35 grounds or to object during the prosecutor's summation, we conclude that the cumulative effect of the errors deprived defendant of a fair trial on the burglary and criminal mischief counts (*see, People v Lawrence*, 227 AD2d 893). Thus, we modify the judgment as a matter of discretion in the interest of justice by reversing defendant's conviction of burglary in the third degree and criminal mischief in the fourth degree under counts one and two of the indictment (*see*, CPL 470.15 [6] [a]) and vacating the sentences imposed thereon, and we grant a new trial on those counts. (Appeal from Judgment of Erie County Court, Drury, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Fallon, Doerr and Balio, JJ.