■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN UBRICH, Appellant. [666 NYS2d 280] —Yesawich Jr., J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered September 13, 1996, upon a verdict convicting defendant of the crime of absconding from temporary release in the first degree.

While incarcerated at Hudson Correctional Facility in Columbia County, defendant participated in a temporary work release program which permitted him to leave the facility. When he failed to appear within 10 hours of his scheduled return time on March 27, 1996, defendant was declared an absconder. He was subsequently located and arrested on April 17, 1996. Having been found guilty, after a jury trial, of absconding from temporary release in the first degree and sentenced as a second felony offender to an indeterminate term of incarceration of 2 to 4 years, defendant appeals.

We affirm. Defendant initially contends that the trial evidence was legally insufficient to support the verdict, and, alternatively, that the verdict was against the weight of the evidence, because of a lack of convincing proof that he intentionally failed to return to the facility as scheduled. These arguments are unpersuasive. Defendant's noncompliance with the requirements of the program, despite his awareness and understanding of those requirements, provides ample basis for an inference that his failure to return was intentional (*see, People v Cruz*, 95 AD2d 860); statements defendant made upon his arrest confirm that his actions were the result of conscious choice. His exculpatory assertion, that he had been directed not to return by his correction counselor when defendant had telephoned to report that he was no longer able to stay at his "approved furlough address", merely posed a credibility question which the jury was entitled to resolve in favor of the counselor's contrary testimony (*see, People v Page*, 225 AD2d 831, 832-833, *lv denied* 88 NY2d 883; *People v Davis*, 193 AD2d 885, 886, *lv denied* 82 NY2d 716).

Equally meritless is defendant's argument that County Court erred in denying his motion for dismissal of the indictment, on the ground of selective prosecution, without a hearing. Even accepting as fact defendant's hearsay claim that three other absconders, who happen to be older than defendant, were not prosecuted, that is not enough to warrant a finding of intentional age discrimination. Absent a showing that the circumstances of their transgressions (e.g., the length of their absences and the nature of their return to custody) were similar to those which prompted the decision to seek defendant's indictment, defendant has not sustained his burden of demonstrating that he was singled out, from among "others similarly situated in all relevant respects" (*Matter of 303 W. 42nd St. Corp. v Klein*, 46 NY2d 686, 695; *see, People v Jones*, 213 AD2d 801, 802, *lv denied* 85 NY2d 975), because of his age.

Defendant's remaining contentions, to the extent they are

preserved for review, require minimal comment. His claim that he received "less than meaningful representation", in essence, amounts to nothing more than disagreement with his attorney's strategy and tactics (*see, People v Rivera,* 71 NY2d 705, 708-709). And as for the sentence, it was neither unduly harsh nor excessive (*see, People v Parson,* 209 AD2d 882, 884, *lv denied* 84 NY2d 1014).

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is affirmed.