THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVON T. COX, Appellant. [684 NYS2d 366] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him of three counts of assault in the first degree (Penal Law § 120.10 [3]), two counts of assault in the second degree (Penal Law § 120.05 [2]), two counts of criminal use of a firearm in the first degree (Penal Law § 265.09) and one count of criminal possession of a weapon in the second degree (Penal Law § 265.03). Defendant contends that he was denied a fair trial by prosecutorial misconduct during summation. Defendant objected to one alleged instance of misconduct when the prosecutor suggested to the jury that it could infer that one victim was injured by a bullet that ricocheted. That comment was not improper. Because defendant did not object to the remaining alleged instances of misconduct, he has failed to preserve those instances for our review (see, CPL 470.05 [2]). In any event, although some of the comments made by the prosecutor improperly appealed to the jury's sympathies and fears, we conclude that they were not so egregious that they denied defendant a fair trial (see, People v Bell, 234 AD2d 915, 916, lv denied 89 NY2d 1009). We reject defendant's contention that the prosecutor's cross-examination of a defense witness was improper or prejudicial.

Because the two counts of criminal use of a firearm in the first degree and one count of criminal possession of a weapon in the second degree arose out of the same criminal act as the assault counts, the court erred in ordering that the sentences imposed thereon run consecutive to the sentences imposed on the assault counts (see, Penal Law § 70.25 [2]; People v Jabbar,

166 AD2d 904, 906, *lv denied* 78 NY2d 955; *People v Johnson*, 149 AD2d 910, *lv denied* 76 NY2d 1022). We thus modify the judgment by providing that those sentences run concurrently with the sentences imposed on the assault counts. Otherwise, the imposition of consecutive sentences on the assault counts was proper and should not be disturbed. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Assault, 1st Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Balio, JJ. [As amended by unpublished order entered Mar. 19, 1999.]