■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARONDA BROWN, Appellant. [698 NYS2d 117] —Judgment unanimously affirmed. Memorandum: We reject the contention that the evidence is legally insufficient to support defendant's conviction of two counts of burglary in the first degree (Penal Law § 140.30 [2], [3]). The evidence, viewed in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), establishes that defendant did not have permission to enter the apartment (*see, People v Dowdall*, 236 AD2d 836, 836-837; *People v Handley*, 203 AD2d 924, *lv denied* 84 NY2d 826) and entered with the intent to commit a crime therein (*see, People v Figueroa*, 204 AD2d 972, *lv denied* 84 NY2d 825; *People v Walker*, 175 AD2d 674, *lv denied* 78 NY2d 1131). Further, upon weighing the relative probative force of the conflicting testimony, we conclude that the verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

County Court properly determined that defendant failed to make a prima facie showing of purposeful discrimination on the basis of race arising from the prosecutor's exercise of a peremptory challenge to exclude an Asian-American prospective juror (*see, People v Mathews*, 201 AD2d 588, *lv denied* 83 NY2d

912). The court also properly denied her objection to the prosecutor's peremptory challenge of a black prospective juror. "The prosecutor proffered a race-neutral explanation for the challenge, and 'the trial court was in the best position to observe the prosecutor's demeanor and determine whether his explanations were credible or merely pretexts for racial discrimination'" (*People v McIlwain,* 259 AD2d 1046, 1047, quoting *People v Adams,* 247 AD2d 625, *lv denied* 92 NY2d 847).

We reject defendant's contentions that the Grand Jury proceedings were rendered defective by the failure to disclose an agreement by the prosecutor not to prosecute two of his witnesses (*see, People v Landtiser,* 222 AD2d 525, 526-527; *see generally, People v Morris,* 204 AD2d 973, 973-974, *lv denied* 83 NY2d 1005) and that the agreement is evidence of unconstitutional selective enforcement of the penal laws (*see, People v Blount,* 90 NY2d 998, 999; *People v Ubrich,* 244 AD2d 792, 793, *lv denied* 91 NY2d 898). We further reject the contention that defendant was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (*People v Baldi,* 54 NY2d 137, 147). The sentence is not unduly harsh or severe.

Defendant failed to preserve for our review her contentions that she was deprived of a fair trial as the result of erroneous jury instructions (*see, People v Robinson,* 88 NY2d 1001) and prosecutorial misconduct (*see, People v Cox,* 256 AD2d 1244, *lv denied* 93 NY2d 923). Defendant also failed to preserve for our review her contention that CPL 270.25 is unconstitutional as applied (*see, People v Iannelli,* 69 NY2d 684, 685, *cert denied* 482 US 914). Finally, by failing to join in codefendant's motion to set aside the verdict pursuant to CPL 330.30 on the ground of juror misconduct, defendant failed to preserve for our review her contention that she was deprived of a fair trial by juror misconduct (*see, People v Teeter,* 47 NY2d 1002, 1003). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). (Appeal from Judgment of Monroe County Court, Smith, J.—Assault, 1st Degree.) Present—Green, J. P., Pine, Wisner, Callahan and Balio, JJ.