■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASTOR RIVERA, Appellant. [723 NYS2d 775] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]), criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and conspiracy in the second degree (Penal Law § 105.15), defendant contends that the conviction is not supported by legally sufficient evidence. We disagree. Defendant's vehicle was pulled over by Rochester police officers as it exited the New York State Thruway, and a kilo of cocaine was found in a hydraulically-operated hidden compartment in the dashboard. At the time of his arrest, defendant admitted that the vehicle and the cocaine were his. In addition, the People presented evidence that inositol, a cutting agent, was found in defendant's home. Viewing the evidence in the light most favorable to the People (*see, People v Ford,* 66 NY2d 428, 437), we conclude that it is legally sufficient to support the conviction of criminal possession of a controlled substance in the first degree, i.e., that defendant possessed the cocaine with the intent to sell it, and is legally sufficient to

support the conviction of criminal possession of a controlled substance in the third degree. In addition, the conspiracy conviction is supported by legally sufficient evidence. The People presented evidence that defendant had agreed with a codefendant to purchase cocaine in New York City and transport it to Rochester. The police intercepted telephone conversations involving the codefendant, pursuant to an eavesdropping warrant, which police officers interpreted as establishing that the codefendant was making plans to go to New York City to purchase a kilo of cocaine. The codefendant then telephoned defendant and arranged a meeting. The next day, defendant's vehicle was stopped while returning from New York City, and a kilo of cocaine was discovered in the vehicle. That evidence, viewed in the light most favorable to the People (*see, People v Ford, supra*, at 437), is legally sufficient to support the conspiracy conviction (*see generally, People v Givens*, 181 AD2d 1031, 1033, *lv denied* 79 NY2d 1049).

The verdict is not against the weight of the evidence. The jury was entitled to reject the testimony of defendant that he did not know that the cocaine was in his vehicle, and we cannot conclude that the jury failed to give the evidence the weight that it should be accorded (*see, People v Bleakley,* 69 NY2d 490, 495).

Although certain comments made by the prosecutor on summation were improper, Supreme Court did not abuse its discretion in denying defendant's motion for a mistrial based on those comments. The comments were isolated and not so egregious as to deprive defendant of a fair trial (*see, People v Maddox,* 256 AD2d 1066, 1067; *People v Cox,* 256 AD2d 1244, *lv denied* 93 NY2d 923). Further, the court sustained defendant's objection to the comments and gave curative instructions to the jury, which it is presumed to have followed (*see, People v Cruz,* 272 AD2d 922, 923, *lv granted* 95 NY2d 859).

The sentence is neither unduly harsh nor severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Bender, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Pigott, Jr., P. J., Hayes, Scudder, Burns and Lawton, JJ.