■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BANKS, Appellant. [902 NYS2d 756]—Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 19, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Niagara County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that County Court erred in submitting its charge in writing to the jury during its deliberations. We conclude that defendant waived that contention inasmuch as the court did so only after obtaining his consent (*see generally People v Pollard*, 70 AD3d 1403 [2010]; *People v Backus*, 67 AD3d 1428 [2009], *lv denied* 13 NY3d 936 [2010]). Defendant failed to preserve for our review his further contentions that the court erred in submitting the charge in writing absent a request by the jury (*see* CPL 470.05 [2]), and that his right of confrontation was violated by the admission in evidence of an out-of-court statement (*see People v Vaughan*, 48 AD3d 1069 [2008], *lv denied* 10 NY3d 845 [2008], *cert denied* 555 US —, 129 S Ct 252 [2008]). We decline to exercise our power to

review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Even assuming, arguendo, that defendant preserved for our review his contention that the court erred in responding to a note from the jury during its deliberations, we conclude that the court's response addressed the jury's inquiry and was a proper statement of the law (*see People v Osborne*, 63 AD3d 1707, 1708 [2009], *lv denied* 13 NY3d 748 [2009]). Defendant also failed to preserve for our review his challenge to the legal sufficiency of the evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]), and in any event that challenge is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Finally, we reject the contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.