# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**328**

**KA 09-01371**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CORDELL A. ROBINSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered June 25, 2009. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree (two counts) and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of assault in the second degree (§ 120.05 [6]). According to the evidence presented at trial, two passengers in a vehicle, one of whom was defendant, exited the vehicle, approached the victim, a pedestrian, and knocked her cell phone from her hand. In addition, one of them forcibly ripped her purse from her arm, injuring her. The victim observed her two assailants struggle to re-enter the backseat of the vehicle, and she also observed three other individuals in the vehicle and memorized the license plate. Within minutes, she called the police and described the vehicle and its occupants. Within an hour, the police stopped the vehicle and conducted a showup identification procedure. The victim identified defendant and another person as the individuals who stole her purse, and she also identified the driver of the vehicle. Defendant and the driver were eventually tried jointly and found guilty of all counts.

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). "Although a different result would not have been unreasonable, the jury was in the best position to assess the credibility of the witnesses and, on this

record, it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Orta*, 12 AD3d 1147, 1147, *lv denied* 4 NY3d 801).

We reject defendant's further contention that County Court erred in denying his request that the court require two potential defense witnesses to appear before it to assert their Fifth Amendment rights. The court was informed by counsel for those two potential witnesses, who were occupants of the vehicle, that they would invoke their Fifth Amendment rights if called to testify. Thus, although the customary practice is to have a witness appear with counsel to enable the court to make an inquiry on the record outside the presence of the jury (*see e.g. People v Bradford*, 300 AD2d 685, 686, *lv denied* 99 NY2d 612), here there was no reason to bring the witnesses before the court for such an inquiry (*see generally People v Savinon*, 100 NY2d 192, 199 n 7; *People v Macana*, 84 NY2d 173, 178-179).

We further reject defendant's contention that the court erred in denying his request to call three additional witnesses to testify regarding a declaration against penal interest made by one of those two potential defense witnesses, i.e., a statement in which that person admitted that he was in fact the purse snatcher. Contrary to defendant's contention, *People v Concepcion* (17 NY3d 192) does not constrain our review of this issue inasmuch as the court's reasoning for its rulings regarding those three witnesses was broader than defendant contends. We conclude that the court properly exercised its discretion in refusing to allow defendant to call those three witnesses, having permitted two other witnesses to testify regarding that declaration against penal interest; such a determination "involves a delicate balance of diverse factors and is entrusted to the sound judgment of the trial court, which is aptly suited to weigh the circumstances surrounding the declaration and the evidence used to bolster its reliability" (*People v Settles*, 46 NY2d 154, 169).

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (*see People v Gray*, 86 NY2d 10, 19), and in any event that contention lacks merit. We conclude that "there is [a] valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (*Bleakley*, 69 NY2d at 495). Contrary to defendant's further contention, the court did not err in responding to a note from the jury during its deliberations. The court's response "addressed the jury's inquiry and was a proper statement of the law" (*People v Banks*, 74 AD3d 1783, 1784, *lv denied* 17 NY3d 857). Additionally, the court did not err in denying defendant's request for a cross-racial identification charge (*see generally People v German*, 45 AD3d 861, 861, *lv denied* 9 NY3d 1034).

Finally, defendant failed to preserve for our review his contention that he was penalized for exercising his right to a jury trial inasmuch as he failed to raise that contention at the time of sentencing (*see People v Motzer*, 96 AD3d 1635, 1636, *lv denied* 19 NY3d 1104; *People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862).

In any event, the record does not support defendant's contention (*see*
*Stubinger*, 87 AD3d at 1317).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court