# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**993**

**KA 13-01739**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

RUDELL J. JEMES, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered September 3, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]), defendant contends that County Court erred in refusing to suppress the statements he made to the police and the DNA sample he provided at the police station because he was coerced, i.e., the police conditioned his freedom on his willingness to provide them with the statements and the DNA sample. We reject that contention. The record demonstrates that defendant voluntarily went to the police station, spoke with detectives about the allegations against him after being informed of his *Miranda* rights and waiving them, and voluntarily provided a DNA sample after being advised that he could refuse to do so. Although the detectives prefaced the recitation of defendant's rights by stating that they wanted to hear defendant's "version of what happened" in order to "clear things up," and that defendant would be free to leave after speaking with them, those statements did not "effectively vitiate[] or . . . neutralize[] the effect of the subsequently-delivered *Miranda* warnings" (*People v Dunbar*, 24 NY3d 304, 316, *cert denied* ___ US ___, 135 S Ct 2052).

Defendant failed to preserve for our review his further contentions that the court erred in not instructing the jury on the voluntariness of his statements to the police, and in allowing the prosecutor to question the victim about her prior consistent statements (*see* CPL 470.05 [2]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of

justice (*see* CPL 470.15 [6] [a]).

        Contrary to defendant's contention, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support his conviction (*see generally People v Bleakley*, 69 NY2d 490, 495), and we further conclude that, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally Bleakley,* 69 NY2d at 495).  The jury credited the testimony of the victim that defendant had vaginal sexual intercourse with her by forcible compulsion, over her protest, and that testimony was corroborated by the medical evidence.  We see no reason to disturb the jury's credibility determination in that regard, even though the jury apparently rejected the victim's testimony that defendant also penetrated her anally, because "the jury was entitled to assess the credibility of the [victim] and to credit certain parts of the victim's testimony while rejecting other parts" (*People v Weaver*, 302 AD2d 872, 873, *lv denied* 99 NY2d 633).

        Defendant also contends that he was denied a fair trial by prosecutorial misconduct.  Defendant failed to preserve his contention for our review with respect to the majority of the alleged instances of misconduct inasmuch as defendant did not object to any of those alleged instances (*see People v Paul*, 78 AD3d 1684, 1684-1685, *lv denied* 16 NY3d 834), and we decline to exercise our power to review that alleged misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We further conclude that the two instances of alleged prosecutorial misconduct preserved for our review, i.e, allegedly leading questions asked of the victim and a summation comment that it was the "job of a defense attorney to try [to] trip up witnesses," were not so egregious or prejudicial as to deny defendant a fair trial (*see e.g. People v DePillo*, 262 AD2d 996, 997, *lv denied* 93 NY2d 1044).

        To the extent defendant contends that he was penalized for exercising his right to a jury trial, defendant failed to preserve that contention for our review (*see People v Robinson*, 104 AD3d 1312, 1314, *lv denied* 21 NY3d 1008), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Finally, we reject defendant's challenge to the severity of the sentence.

Entered:  October 9, 2015                          Frances E. Cafarell
                                                   Clerk of the Court