People v Santiago (2020 NY Slip Op 03824)





People v Santiago


2020 NY Slip Op 03824


Decided on July 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 9, 2020

110891

[*1]The People of the State of New York, Respondent,
v
Anna Santiago, Appellant.

Calendar Date: June 12, 2020

Before: Garry, P.J., Egan Jr., Mulvey, Aarons and Colangelo, JJ.


Law Offices of Danielle Neroni, Albany (Angela Kelley of counsel), for appellant.
Michael D. Ferrarese, District Attorney, Norwich (Karen Fisher McGee, New York Prosecutors Training Institute, Inc., Albany, of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Chenango County (Revoir Jr., J.), rendered January 4, 2019, upon a verdict convicting defendant of the crime of arson in the third degree.
In October 2017, defendant was charged by indictment with one count of arson in the third degree based upon allegations that she intentionally damaged her residence by setting a fire therein. The charge was based upon an investigation of the fire from which it was determined that there were three areas of origin on separate floors of the residence, that all accidental and natural causes of the fire could be eliminated and that the fire was intentionally set. Prior to trial, defendant moved in limine to exclude evidence regarding certain handguns owned by defendant that she had removed from her residence prior to the fire and that the People sought to introduce as evidence to establish that defendant had intentionally set the fire. County Court denied the motion, allowing the handguns to be admitted into evidence, and later denied a subsequent motion for a mistrial on the ground of undue prejudice. During the jury trial, the court denied defendant's motion for a mistrial based on a comment by the prosecutor with regard to defendant's right to testify. Defendant was ultimately convicted as charged and thereafter sentenced to a prison term of 1 to 3 years. Defendant appeals.
Initially, several of defendant's arguments are unpreserved for our review due to her failure to properly raise them before County Court. By failing to object to County Court's preliminary jury instructions, defendant has not preserved her contentions that said instructions diminished the People's burden of proof from beyond a reasonable doubt to "sufficient evidence" and infringed on her right to remain silent by including her name among the list of prospective witnesses (see People v Rice, 172 AD3d 1616, 1619 [2019]). Defendant also failed to preserve her argument regarding expert testimony, "as [s]he made no objections to the charge" after copies thereof were furnished to counsel and defendant specifically indicated that she had no exceptions (People v Houze, 177 AD3d 1184, 1188 [2019], lv denied 34 NY3d 1159 [2020]; see People v Rice, 172 AD3d at 1619).
Defendant contends that County Court erred in denying her two motions for a mistrial, the first made after the People allegedly improperly commented on her right to testify, and the second made following testimony from Kevin Powell, a detective with the Chenango County Sheriff's Office, that defendant turned five firearms over to him after the fire and his identification of the firearms that were admitted into evidence. "An improper reference . . . to [a] defendant's [right] to testify does not necessarily constitute reversible error in every instance. Where the rights of [a] defendant are safeguarded by the charge of the trial court and where the evidence of guilt is overwhelming, the error, if any, is deemed harmless" (People v Wolf, 176 AD2d 1070, 1071 [1991] [internal quotation marks, brackets and citations omitted], lv denied 79 NY2d 1009 [1992]).
At trial, during defense counsel's cross-examination of one of the People's witnesses, questions were posed about statements that defendant had made to the witness regarding certain construction work that was planned for defendant's home. The People objected to the questions as calling for hearsay responses. Thereafter, a brief on-the-record exchange between counsel and County Court ensued, after which defense counsel asked the witness another question that elicited a hearsay response. The prosecutor moved to strike the response stating that, "[i]f [defendant] wants to testify, she has the absolute right to do so. She doesn't get —." After the prosecutor's remark, a sidebar was held outside of the presence of the jury. Thereafter, and with counsel's consent, the court gave a curative instruction to the jury explaining that the remarks by counsel challenged the admissibility of the witness's responses under evidentiary rules and instructing the jury that no negative inferences should be drawn against counsel or against defendant. Following a recess, the court gave a second curative instruction that "[defendant] and all defendants are presumed innocent and she like any defendant is not required to present any evidence or any witnesses and most importantly she is not required to testify on her own behalf. The burden of proving guilt beyond a reasonable doubt rests solely with the [People]." In our view, the court's curative instructions eliminated any hint of prejudice that may have inured to defendant following the People's comment and did not deprive defendant of a fair trial (cf. People v Horton, 173 AD3d 1338, 1340-1341 [2019], lv denied 34 NY3d 933 [2019]; People v Pitt, 170 AD3d 1282, 1285 [2019], lv denied 33 NY3d 1072 [2019]). Further, any potential harm stemming from the People's remark was further mitigated by the fact that defendant actually testified.
The second motion for a mistrial was made at the close of the People's case-in-chief and was predicated upon the introduction of defendant's handguns into evidence. "Under well-established evidentiary principles, all relevant evidence is admissible unless its admission violates some exclusionary rule. Evidence is relevant if it tends to prove the existence or non-existence of a material fact, i.e., a fact directly at issue in the case. A court, in the exercise of its discretion, may exclude relevant evidence if its probative value is substantially outweighed by the potential for prejudice, trial delay, or the potential to mislead or confuse the jury" (People v Hall, 160 AD3d 210, 214 [2018] [internal quotation marks, brackets and citations omitted]; see People v Deverow, 180 AD3d 1064, 1065 [2020]).
Before Powell testified, the jury heard that, at the scene of the fire, defendant told her neighbor that she had removed the handguns from her home. Matthew Sherman, a responding firefighter and member of the Chenango County Bureau of Fire Division of Investigation, testified that his training indicated that the fire was intentionally set based upon its three points of origin and was not the result of accidental or natural causes. He opined that individuals who intentionally set fire to their homes remove "valuables" and "will remove the things that are most . . . closest to them . . . family pets, or jewelry or any of those things." Contrary to defendant's contention that the handguns were irrelevant to the charge of arson, we find that the jury could infer that defendant removed the handguns before she intentionally set fire to her home. Powell's testimony was therefore relevant and tended to prove the existence of a material fact at issue in the case (see People v Permaul, 174 AD3d 1127, 1129 [2019], lv denied 34 NY3d 983 [2019]). As County Court "appropriately considered whether the potential value of the evidence was outweighed by the possibility of undue prejudice to . . . defendant," the court did not abuse its discretion in denying defendant's second motion for a mistrial (id. [internal quotation marks, brackets and citations omitted]).
Defendant also contends that she was deprived of a fair trial based upon pervasive prosecutorial misconduct that consisted of, among other things, improper and prejudicial comments in the presence of the jury, gratuitous objections and legal arguments that denigrated defense counsel, shifting the burden of proof, infringing on defendant's right to remain silent and demonstrating an acrimonious attitude toward the defense. Insofar as defendant failed to raise timely, specific objections to each instance of alleged prosecutorial misconduct, her contentions in this regard are unpreserved (see People v Horton, 181 AD3d 986, 996 [2020]; People v Watkins, 180 AD3d 1222, 1233 [2020]; People v Houze, 177 AD3d at 1188; People v Sostre, 172 AD3d 1623, 1626-1627 [2019], lv denied 34 NY3d 938 [2019]).[FN1] Were these arguments before us, we would find that the challenged comments, made during the course of the trial and during closing arguments, were made in the context of expected trial advocacy or, even if improper, "were not so pervasive or flagrant as to require a reversal" (People v Meadows, 183 AD3d 1016, 1022 [internal quotation marks and citations omitted]; see People v Horton, 181 AD3d at 996-997).
Contrary to defendant's claim, we find that defendant received meaningful representation. "A claimed violation of the constitutional right to the effective assistance of counsel will not survive judicial scrutiny so long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" (People v Pitt, 170 AD3d at 1286 [internal quotation marks and citations omitted]; see People v Sostre, 172 AD3d at 1627). "To succeed on a claim of ineffective assistance of counsel, the defendant must show the absence of strategic or other legitimate explanations for counsel's failure" (People v Houze, 177 AD3d at 1189 [internal quotation marks and citations omitted]; see People v Kelsey, 174 AD3d 962, 965 [2019], lv denied 34 NY3d 982 [2019]; People v Seecoomar, 174 AD3d 1154, 1158 [2019], lv denied 34 NY3d 1019 [2019]).
Contrary to defendant's claim that defense counsel failed to seek removal of prospective jurors who were familiar with some of the People's witnesses, the record establishes that defense counsel's questioning of prospective jurors was effective. "Jury selection involves the quintessentially tactical decision of whether [a] defendant's interests would be assisted or harmed by a particular juror" (People v Horton, 181 AD3d at 997 [internal quotation marks, brackets and citations omitted]), which this Court will not typically second-guess (see People v Perry, 154 AD3d 1168, 1171 [2017]). Here, defense counsel posed a series of questions to prospective jurors to assess their ability to be fair and impartial and their commitment to follow County Court's instructions as to, among other things, the People's burden of proof and the assessment of witness credibility. The record establishes that those prospective jurors who were familiar with names on the combined witness list unequivocally indicated that they could be fair and impartial, and we find that "defense counsel could reasonably have made the strategic decision to conserve [the] limited . . . peremptory challenges for prospective jurors whose impartiality was less certain" (People v Horton, 181 AD3d at 998).
With respect to defendant's claim that counsel failed to object at various points throughout the trial, "counsel will not be found to be ineffective on the basis that he or she failed to make an argument or motion that has little or no chance of success" (People v Watkins, 180 AD3d at 1234 [internal quotation marks, brackets and citations omitted]; accord People v Urtz, 176 AD3d 1485, 1491 [2019], lv denied 34 NY3d 1133 [2019]; People v Brown, 169 AD3d 1258, 1260 [2019], lv denied 33 NY3d 1029 [2019]). The record indicates, however, that defense counsel raised multiple objections during the trial and closing arguments to improper questions posed, and commentary made, by the prosecutor in the presence of the jury. Finally, although defense counsel opened the door to cross-examination concerning the substance of a precluded statement, the testimony elicited was cumulative to testimony previously given. Accordingly, any error in this regard does not amount to ineffective assistance of counsel (see People v Horton, 181 AD3d at 998). Considering the record as a whole, we find that the alleged shortcomings of defense counsel did not deprive defendant of a fair trial. Rather, insofar as the record demonstrates that defense counsel presented a reasonable trial strategy, made appropriate opening and closing statements and effectively cross-examined witnesses, defendant was provided with zealous and meaningful representation (see People v Horton, 181 AD3d at 998; People v Kelsey, 174 AD3d at 966; People v McCauley, 162 AD3d 1307, 1310-1311 [2018], lv denied 32 NY3d 939 [2018]).
Garry, P.J., Egan Jr., Mulvey and Aarons, JJ., concur.
ORDERED that the judgment is affirmed, and matter remitted to the County Court of Chenango County for further proceedings pursuant to CPL 460.50 (5).



Footnotes

Footnote 1: With regard to defendant's specific allegations that the prosecutor committed misconduct by making comments that shifted the burden of proof and infringed on defendant's right to remain silent, we considered and rejected these allegations in finding that County Court did not err in denying defendant's first motion for a mistrial.