People v Beltran (2023 NY Slip Op 00759)

People v Beltran

2023 NY Slip Op 00759

Decided on February 10, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

50 KA 18-02088

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RITCHY C. BELTRAN, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered July 23, 2018. The judgment convicted defendant upon a plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal. Supreme Court's oral colloquy mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Davis, 188 AD3d 1731, 1731 [4th Dept 2020], lv denied 37 NY3d 991 [2021]). Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver did not cure the defects in the oral colloquy (see Davis, 188 AD3d at 1732).
Defendant contends that Penal Law § 265.03 (3) is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). That contention is not preserved for our review (see People v Wright, — AD3d &mdash, &mdash, 2023 NY Slip Op 00510 [4th Dept 2023]; People v Reese, 206 AD3d 1461, 1462-1463 [3d Dept 2022]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's further contention, the court properly refused to suppress the evidence found on his person after he was forcibly detained at gunpoint by the police. Given the totality of the circumstances—which include the short period of time between the 911 call from an identified caller reporting that shots were fired and the police officer's response to the reported location, one-half mile away; the officer's observations that defendant's physical characteristics and clothing matched the description of the suspect as a "short, heavy-set male" wearing dark clothing and traveling on foot; and the officer's report of no other pedestrian foot traffic in the area—the responding officer "was justified in forcibly detaining defendant in order to quickly confirm or dispel [his] reasonable suspicion of defendant's possible [possession of a weapon]" (People v Pruitt, 158 AD3d 1138, 1139 [4th Dept 2018], lv denied 31 NY3d 1120 [2018] [internal quotation marks omitted]; see People v Wright, 210 AD3d 1486, 1489 [4th Dept 2022]; see generally People v De Bour, 40 NY2d 210, 223 [1976]).
Entered: February 10, 2023
Ann Dillon Flynn
Clerk of the Court