People v Fricke (2023 NY Slip Op 02436)

People v Fricke

2023 NY Slip Op 02436

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

362 KA 21-01239

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM PATRICK FRICKE, DEFENDANT-APPELLANT. 

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM PATRICK FRICKE, DEFENDANT-APPELLANT PRO SE.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered June 16, 2021. The judgment convicted defendant upon a jury verdict of murder in the first degree (two counts), kidnapping in the first degree, burglary in the first degree (four counts), attempted murder in the first degree (two counts), assault in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]), attempted murder in the first degree (§§ 110.00, 125.27), assault in the first degree (§ 120.10 [1], [4]), and criminal possession of a weapon in the second degree (§ 265.03 [1] [b]), one count of kidnapping in the first degree (§ 135.25 [3]), and four counts of burglary in the first degree (§ 140.30 [2], [3]).
Defendant contends in his main brief that the verdict with respect to counts 2, 4, 5, 7, 10 and 11 is against the weight of the evidence inasmuch as the People failed to establish that he committed burglary, specifically that defendant knew that he did not have permission to re-enter the residence. "The crime of burglary requires only a knowing unlawful entry with intent to commit a crime therein" (People v Mainella, 2 AD3d 1330, 1330 [4th Dept 2003], lv denied 2 NY3d 742 [2004], reconsideration denied 3 NY3d 660 [2004]). We conclude that, viewing the evidence in light of the elements of the aforementioned counts as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict with respect to those counts is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Dowdall, 236 AD2d 836, 836-837 [4th Dept 1997]; People v Jordan, 193 AD2d 890, 891, 893-894 [3d Dept 1993], lv denied 82 NY2d 756 [1993]). Indeed, the weight of the evidence supports the jury's determination that defendant knew he did not have permission to re-enter the residence after he had threatened the male victim (victim) with a gun, stabbed him in the chest, and repeatedly beat the female victim (decedent) about the head before dragging her outside.
Defendant also contends in his main and pro se supplemental briefs that the verdict with respect to counts 1, 3 and 6 is against the weight of the evidence because the People failed to prove that he committed kidnapping in the first degree. We reject that contention. The victim's testimony that defendant dragged the decedent outside by the hood of her sweatshirt was not incredible as a matter of law (see People v Savery, 209 AD3d 1268, 1270 [4th Dept 2022], lv denied 39 NY3d 1075 [2023]) and any inconsistencies in that testimony merely presented a [*2]credibility issue for the jury to resolve (see People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020], lv denied 35 NY3d 995 [2020]; People v Cross, 174 AD3d 1311, 1314-1315 [4th Dept 2019], lv denied 34 NY3d 950 [2019]).
Defendant failed to preserve his contention in his main brief that his conviction of criminal possession of a weapon in the second degree is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]). Defendant's constitutional challenge is not preserved for our review inasmuch as he failed to raise any such challenge during the proceedings in Supreme Court (see People v Beltran, 213 AD3d 1293, 1293 [4th Dept 2023]; People v Jacque-Crews, 213 AD3d 1335, 1335-1336 [4th Dept 2023], lv denied 39 NY3d 1111 [2023]). Contrary to defendant's contention, we conclude that his constitutional challenge is not exempt from the preservation rule (see People v Thomas, 50 NY2d 467, 472-473 [1980]; Jacque-Crews, 213 AD3d at 1336; cf. People v Patterson, 39 NY2d 288, 296 [1976], affd 432 US 197 [1977]).
Defendant's contention in the main brief and pro se supplemental brief that prosecutorial misconduct deprived him of a fair trial is unpreserved inasmuch as defendant failed to object to the allegedly improper behavior (see People v Freeman, 206 AD3d 1694, 1695 [4th Dept 2022]; People v Santiago, 185 AD3d 1151, 1154 [3d Dept 2020], lv denied 35 NY3d 1097 [2020]; People v Smith, 150 AD3d 1664, 1666 [4th Dept 2017], lv denied 30 NY3d 953 [2017]). In any event, even assuming, arguendo, that the challenged conduct was inappropriate, we conclude that it was not so pervasive or egregious as to have deprived defendant of a fair trial (see People v Horton, 79 AD3d 1614, 1616 [4th Dept 2010], lv denied 16 NY3d 859 [2011]; People v Williams, 77 AD3d 508, 508 [1st Dept 2010], lv denied 16 NY3d 838 [2011]; see also Santiago, 185 AD3d at 1155).
Contrary to defendant's contention in the main brief, the court did not abuse its discretion in excluding the testimony of one of defendant's proffered witnesses. Although a character witness may give testimony regarding a defendant's general reputation in the community, a witness may "not testify to specific acts of a defendant and may not give his or her personal opinion of defendant's character based on personal knowledge" (People v Mancini, 213 AD2d 1038, 1039 [4th Dept 1995], lv denied 85 NY2d 976 [1995]; see People v McGuinness, 245 AD2d 701, 702 [3d Dept 1997]; People v Berge, 103 AD2d 1041, 1041-1042 [4th Dept 1984]). Inasmuch as the proffered witness would have testified to a specific interaction that he had with defendant, which tended to show that defendant would not have responded in this instance with violence, the court properly precluded the evidence (see People v Van Gaasbeck, 189 NY 408, 413-416, 418, 421 [1907]; People v Kennard, 160 AD3d 1378, 1380 [4th Dept 2018], lv denied 31 NY3d 1150 [2018]; see also People v Schafer, 81 AD3d 1361, 1363 [4th Dept 2011], lv denied 17 NY3d 861 [2011]).
Defendant's contention in his pro se supplemental brief that the court and defense counsel erred in failing to ensure his presence in the courtroom when the parties discussed the jury instructions and the written requests of the jury during deliberations is belied by the record, which establishes that he was present at all relevant times. To the extent that factual assertions in support of that contention may exist dehors the record on appeal, they must be raised by way of a CPL article 440 motion (see generally People v Mahoney, 175 AD3d 1034, 1036 [4th Dept 2019], lv denied 35 NY3d 943 [2020]; People v McDermott, 76 AD3d 790, 791 [4th Dept 2010]). Defendant's related contention that the court erred in its response to the jury's request to have certain testimony read back in its entirety has been waived inasmuch as defense counsel indicated that he was satisfied with the court's approach in response to that inquiry (see People v Banks, 74 AD3d 1783, 1783 [4th Dept 2010], lv denied 17 NY3d 857 [2011]).
We have considered defendant's remaining contentions in his main and pro se supplemental briefs and conclude that none warrants reversal or modification of the judgment.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court