People v Toran (2024 NY Slip Op 03958)

People v Toran

2024 NY Slip Op 03958

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

430 KA 23-00392

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FONTASIA TORAN, DEFENDANT-APPELLANT. 

MICHAEL STEINBERG, ROCHESTER, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered December 28, 2022. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her, upon a jury verdict, of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that the evidence of intent to cause serious physical injury is legally insufficient and that the verdict is against the weight of the evidence. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish the element of intent to cause serious physical injury to the victim (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Moreover, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Contrary to defendant's contention, the testimony of one of the People's witnesses was not incredible as a matter of law and "any inconsistencies in that testimony merely presented a credibility issue for the jury to resolve" (People v Fricke, 216 AD3d 1446, 1447 [4th Dept 2023], lv denied 40 NY3d 928 [2023]). Defendant's contention that County Court erred in failing to instruct the jury on wholly circumstantial evidence is not preserved for our review (see generally CPL 470.05 [2]; People v Robinson, 88 NY2d 1001, 1001-1002 [1996]). We decline to exercise our power to review that issue as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We also reject defendant's contention that the sentence is unduly harsh and severe. Finally, we have reviewed defendant's remaining
contention and conclude that it does not warrant modification or reversal of the judgment.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court