*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 25, 2015                    106463
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                          Respondent,

        v                                    MEMORANDUM AND ORDER

JUAN MEDINA,
                          Appellant.
_____


Calendar Date:  April 24, 2015

Before:  Peters, P.J., Garry, Egan Jr. and Lynch, JJ.

                    _____


        Brian M. Callahan, Schenectady, for appellant, and
appellant pro se.

        Robert M. Carney, District Attorney, Schenectady (Peter H.
Willis of counsel), for respondent.

                    _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Schenectady
County (Drago, J.), rendered November 14, 2013, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a weapon in the second degree.

        In full satisfaction of a six-count indictment, defendant
pleaded guilty to criminal possession of a weapon in the second
degree and waived his right to appeal.  Defendant thereafter was
sentenced — consistent with the terms of the plea agreement — to
a prison term of 5½ years followed by 3½ years of postrelease
supervision.  Defendant now appeals, primarily contending that
his plea was involuntary because he was not adequately apprised
of the postrelease supervision (hereinafter PRS) component of his

sentence.

We affirm.  Although defendant's challenge to the voluntariness of his plea survives his uncontested waiver of the right to appeal, it is unpreserved for our review in the absence of an appropriate postallocution motion (see People v White, 119 AD3d 1286, 1287 [2014], lv denied 24 NY3d 1222 [2015]).  Contrary to defendant's assertion, County Court twice advised defendant — prior to accepting his plea — of the range of PRS to which he would be subject, reiterated this range again prior to imposing sentence and thereafter expressly referenced the PRS component of defendant's sentence at the time thereof, thereby triggering the preservation requirement (see People v Crowder, 24 NY3d 1134, 1136-1137 [2015]; People v Murray, 15 NY3d 725, 726-727 [2010]; People v White, 119 AD3d at 1287).  Under these circumstances, the narrow exception to the preservation requirement set forth in People v Louree (8 NY3d 541, 545-546 [2007]) is inapplicable (see People v Davis, 114 AD3d 1166, 1166-1167 [2014], lv denied 23 NY3d 1035 [2014]; compare People v Bolivar, 118 AD3d 91, 93-94 [2014]).  Finally, to the extent that defendant contends that County Court's comments reflect that it relied upon inaccurate and/or unreliable information in imposing sentence, inasmuch as defendant's argument on this point "amounts to a challenge to the procedures utilized in determining his sentence and does not implicate the legality of the sentence or the power of the court to impose it, defendant's valid waiver of the right to appeal precludes our review of such claim" (People v Smith, 119 AD3d 1088, 1089 [2014], lvs denied 24 NY3d 1084, 1089 [2014]).

Peters, P.J., Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court