## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: September 29, 2016       107196
_____

THE PEOPLE OF THE STATE OF
   NEW YORK,
               Respondent,

     v                       MEMORANDUM AND ORDER

JAMES HAKKENBERG,
               Appellant.
_____

Calendar Date: September 9, 2016

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____

Sandra M. Colatosti, Albany, for appellant.

P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Devine, J.

Appeal from a judgment of the County Court of Albany County (Herrick, J.), entered June 24, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. County Court imposed the agreed-upon prison sentence of 12 years with five years of postrelease supervision and ordered defendant to pay restitution. Defendant appeals.

We affirm. Initially, defendant argues that his guilty plea was involuntary because he was not informed about his predicate sentencing status. This claim was not adequately preserved for our review by a timely postallocution motion to

withdraw his plea (see People v Lewis, 138 AD3d 1346, 1347 [2016]).[1]  Defendant, in any event, was made aware during the plea colloquy that his prior felony convictions may or may not result in second felony offender sentencing and that his status in that regard, which would not affect the agreed-upon sentence, would be determined at sentencing.  County Court determined at sentencing that defendant's prior convictions did not qualify him for predicate sentencing and imposed the promised sentence.  Under these circumstances, were we to address this claim, we would find that his guilty plea was voluntary, knowing and intelligent (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Medina, 129 AD3d 1385, 1386 [2015], lv denied 26 NY3d 1090 [2015]).

Defendant also contends that County Court erred in denying his motions to suppress his statements to police and DNA evidence.  However, these challenges to adverse suppression rulings are precluded by defendant's knowing, voluntary and intelligent waiver of appeal (see People v Sanders, 25 NY3d 337, 342 [2015]; People v Zippo, 136 AD3d 1222, 1222 [2016], lv denied 27 NY3d 1141 [2016]).  A review of the record establishes that the court explained the nature and consequences of the appeal waiver, ascertained that defendant understood it and had discussed it with counsel, then observed defendant sign a detailed written waiver in open court.  Defendant's unqualified appeal waiver was therefore valid and forecloses these claims (see People v Sanders, 25 NY3d at 341-342).  His challenge to the agreed-upon sentence as harsh and excessive is likewise precluded by the appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]).  Finally, while his challenge to the amount of the restitution awarded survives his appeal waiver because the amount was not specified in the plea agreement, it is unpreserved for our review as he did not request a hearing or challenge the amount of restitution at sentencing (see People v Horne, 97 NY2d

---

[1]  Defendant's pro se oral motion to withdraw his plea was not made "before the imposition of sentence" and was untimely (CPL 220.60 [3]).  His further claim of ineffective assistance of counsel is, accordingly, also unpreserved for our review (see People v Houck, 74 AD3d 1476, 1477 [2010]).

404, 414 n 3 [2002]; People v Melendez, 138 AD3d 1159, 1161 [2016], lv denied 27 NY3d 1136 [2016]).  Defendant's remaining claims also lack merit.

McCarthy, J.P., Egan Jr., Clark and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court