=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 81
The People &c.,
           Respondent,
         v.
Kevin M. Minemier,
           Appellant.



           Donald M. Thompson, for appellant.
           Leah R. Mervine, for respondent.



STEIN, J.:

           The sentencing court was not required to state, on the

record, its reasons for denying defendant youthful offender

status.  However, by failing to adequately set forth on the

record the basis for its refusal to disclose to the defense

certain statements that were reviewed and considered by the court

- 1 -

for sentencing purposes, the court violated CPL 390.50 and defendant's due process rights.  Therefore, we reverse and remit to County Court.

I.

Following an incident in which defendant, then 18 years old, repeatedly stabbed a woman and also cut a bystander who intervened, defendant was indicted on charges of attempted murder in the second degree, assault in the first degree (two counts), and assault in the second degree.  He pleaded guilty to the entire indictment in exchange for a promised sentencing cap of 20 years in prison, plus postrelease supervision, with defense counsel being permitted to argue for a lesser sentence.  Counsel submitted a sentencing memorandum requesting, among other things, that defendant be treated as a youthful offender (YO).  Counsel also requested disclosure of any statements that were written by the victims or their family members and submitted with the presentence investigation report (PSI).

At sentencing, counsel objected that he had not received the victim impact letters that accompanied the PSI. County Court denied the request to turn over "the statements" to counsel.  Oral victim impact statements were presented by the female victim, her parents, and the intervening bystander who was injured.  The court commented on the horrific nature of the crime, mentioned the life-long effects on the victims and their families, and noted that it was "a tragedy all the way around."

Without mentioning YO status, the court imposed an aggregate sentence of 20 years in prison and 5 years of postrelease supervision.

On defendant's appeal, the Appellate Division reserved decision and remitted for the sentencing court to make an on-the-record determination, in accordance with People v Rudolph (21 NY3d 497, 501 [2013]), as to whether defendant should be adjudicated a YO (124 AD3d 1408 [4th Dept 2015]). Because the Appellate Division concluded that it was clear that the sentencing court had reviewed written statements that were not disclosed to defendant or made part of the record, it also directed the court to make a record of what statements it had reviewed and to provide its reasons for refusing to disclose those statements to the parties.

On remittal, the sentencing court stated that, although no YO determination was made on the record at the time of the original sentencing, the parties had discussed -- and the court had in fact made a determination regarding -- YO status. The court then explicitly held that, based on all of the information submitted previously and additional information provided that day, it was denying defendant YO status. The court also stated that, at the time of sentencing, it had reviewed the last page of the PSI, which was entitled "Confidential to the Court." The court explained that, because such information had been provided to the Probation Department on a promise of confidentiality, the

court excepted it from disclosure.  The court did not, however, identify the nature, source or contents of this purportedly confidential document.

When the case returned to the Appellate Division, defendant argued that the sentencing court had erred in failing to set forth, on the record, its reasons for denying him YO status.  The Appellate Division rejected this contention, concluding that, while CPL 720.20 requires courts to determine on the record whether an eligible youth should receive YO status, it does not require the sentencing court to state reasons supporting its determination (134 AD3d 1551 [4th Dept 2015]).  To the extent that prior Fourth Department cases held otherwise, the Court advised that they should not be followed.  The Appellate Division further held that the sentencing court did not abuse its discretion in refusing to grant defendant YO status.  Finally, the Appellate Division concluded that the sentencing court sufficiently complied with its prior remittal order by identifying what statements it reviewed at sentencing.  Although the allegedly confidential document was not before it, the Appellate Division held that the sentencing court had not erred by denying disclosure of "confidential information" (id. at 1552).  A Judge of this Court granted defendant leave to appeal (27 NY3d 1003 [2016]).

II.

Defendant first argues that sentencing courts are

required to state on the record their reasons for denying YO treatment. In People v Rudolph, this Court considered whether a sentencing court is required to make a YO determination in every case in which the defendant is an eligible youth, regardless of the circumstances (see 21 NY3d at 499). We held that the statutory language of CPL 720.20, providing that "'the court must determine whether or not the eligible youth is a youthful offender,'" reflects a legislative policy choice that courts must make a YO determination "in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (Rudolph, 21 NY3d at 501, quoting CPL 720.20 [1]). We explained that, while eligible youths are not necessarily entitled to be sentenced as a YO, all eligible youths have the right "to have a court decide whether such treatment is justified" (Rudolph, 21 NY3d at 501).

Rudolph concerned a defendant who was unconditionally an eligible youth as defined under CPL 720.10. In a subsequent case, People v Middlebrooks (25 NY3d 516, 522 [2015]), we were presented with the question of whether Rudolph applied to defendants who are presumptively ineligible under the statute, but who could be deemed eligible provided the sentencing court finds that specified factors exist (see CPL 720.10 [2] [a]). Referring to this latter category of youths, this Court held that "the [sentencing] court must make the threshold determination as to whether the defendant is an eligible youth by considering the

factors set forth in CPL 720.10 (3)" (Middlebrooks, 25 NY3d at 525). The instant case does not present a Middlebrooks situation because it is undisputed that defendant falls within the definition of an eligible youth (see id.).

Referring to our decisions in Rudolph and Middlebrooks,[1] defendant contends that sentencing courts must not only make an on-the-record determination regarding YO status but, where such treatment is denied, must also state reasons for the denial, in order to permit intelligent appellate review. Based on the plain language of the statute, we conclude that the Legislature has left to the sentencing court the discretion of whether and how to state reasons on the record. Generally, in a discretionary sentencing context, a court has no obligation to explain its reasons for imposing a particular sentence that is within the statutory parameters (see Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 390.50, at 358; see also CPL 380.50 [3] [sentencing court "may" summarize factors it deems relevant and afford defendant or counsel an opportunity to comment; the statute does not require courts to do so, nor does it require them to explain how they applied those factors]). Nevertheless, based on a review of the record as a whole, appellate courts can -- and regularly do -- meaningfully review sentencing decisions which represent an exercise of the

---

[1] We note that both of those decisions were handed down by this Court after the court here originally sentenced defendant.

sentencing court's discretion.  Similarly, appellate courts can review YO determinations based on the sentencing record, even if no reason was explicitly stated by the sentencing court therefor.

Notably, CPL 720.20 -- the statutory provision setting forth the procedure for making a YO determination -- does not expressly require that a court set forth on the record the reasons for its YO determination.  However, CPL 720.10 (3) -- which sets forth the factors for determining whether a youth who is presumptively ineligible due to being convicted of certain specified crimes should nevertheless be considered an eligible youth -- does contain such a requirement under limited circumstances.  Specifically, in the sentence following the enumerated factors to be considered in deciding eligibility, the statute provides that, "[w]here the court determines that the eligible youth is a youthful offender, the court shall make a statement on the record of the reasons for its determination," and provide a transcript to the Division of Criminal Justice Services (DCJS) (CPL 720.10 [3] [emphasis added]).  The placement of this sentence, immediately following the factors for the determination of whether a youth is eligible, indicates that it was intended to apply only to the court's determination regarding the applicability of those factors.

The requirement that courts state reasons only where YO status is granted is not intended for the defendant's benefit; a defendant will hardly have cause to complain when such status is

granted, and cannot appeal an aspect of the adjudication that is

in his or her favor.  Indeed, the remainder of the relevant

language in CPL 720.10 (3) indicates that the requirement is

intended to benefit DCJS in compiling its required reports on

violent-felony sentencing (see CPL 720.10 [3]; see also Executive

Law § 837-a [3]).  In short, neither the plain language of CPL

720.10 (3) nor its statutory purpose suggest that courts are

required to provide on-the-record reasons for all YO

determinations, particularly not for denials.

        Moreover, in several statutes addressing sentencing, as

well as unrelated criminal statutes, the Legislature has clearly

mandated that courts state their reasons for making certain

specifically-delineated determinations.[2]  The fact that the

Legislature has included a clear statutory mandate that courts

---

[2] Some examples of such statutes include: CPL 60.42 (5) (in an exception to the rape shield law, court must state findings of fact essential to its determination that evidence of a victim's prior sexual activity is "relevant and admissible in the interests of justice"); CPL 390.50 (2) (a) (when portion of PSI is excepted from disclosure to parties); CPL 440.30 (7) (motion to vacate judgment or set aside sentence); CPL 710.60 (6) (suppression motion); Penal Law § 70.02 (4)(c) (alternative sentence for a defendant who pleads guilty to a class D violent felony offense); Penal Law § 70.07 (4) (b), (5) (alternative sentence for a second child sexual assault felony conviction); Penal Law § 70.25 (2-b) (if, where a person is convicted of a violent felony offense committed after arraignment and while released on recognizance or bail, the court determines to impose concurrent instead of consecutive terms of imprisonment); Penal Law § 70.71 (5) (c) (alternative determinate sentence for a major drug trafficker) (see also Correction Law § 168-n [3] [SORA risk level determination]).

state reasons for particular determinations in other contexts, but did not do so in CPL 720.20, demonstrates that the Legislature made a deliberate choice not to require courts to state reasons for denying YO status (see People v Finnegan, 85 NY2d 53, 58 [1995], cert denied 516 US 919 [1995]; People v Tychanski, 78 NY2d 909, 912 [1991]; see also Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 60-61 [2013]).

Rather, the Legislature left it to the discretion of sentencing courts to make an individualized election as to whether, and to what extent, they wish to explain their decision to deny YO status in each particular case. Indeed, there are strong practical and policy considerations that weigh in favor of bestowing such discretion. Sentencing courts are in the best position to weigh and balance the benefits and detriments of articulating their decision to deny YO treatment as to each youth appearing before them. This Court may not intrude on a legislative policy choice by reading into the statute a requirement that the Legislature did not see fit to include. Accordingly, we hold that the sentencing court here complied with CPL 720.20 when it explicitly denied defendant's request for YO treatment, despite the fact that the court did not provide the reasons for its determination on the record.

III.

We agree with defendant, however, that the sentencing

court violated CPL 390.50 and defendant's due process rights by failing to adequately set forth on the record the basis for its refusal to disclose to the defense certain statements that were reviewed and considered by the court for sentencing purposes.

This Court has acknowledged that sentencing is a crucial stage in criminal proceedings, in which the requirements of due process must be satisfied, even though the full panoply of constitutional protections need not be applied to the sentencing process (see People v Hansen, 99 NY2d 339, 345 [2003]; People v Outley, 80 NY2d 702, 712 [1993]; People v Perry, 36 NY2d 114, 120 [1975]; People v Peace, 18 NY2d 230, 233 [1966], cert denied 385 US 1032 [1967]; see also Williams v New York, 337 US 241, 243 [1949]). Under the prior version of CPL 390.50, which left it to the sentencing court's discretion whether to disclose a PSI to the parties, we held that a defendant's right to due process was not violated by a court's refusal to disclose the PSI (see Perry, 36 NY2d at 120). However, we have held that, to comply with due process, the sentencing "court must assure itself that the information upon which it bases the sentence is reliable and accurate" (Outley, 80 NY2d at 712), "and that the defendant has an opportunity to respond to the facts upon which the court may base its decision" (Hansen, 99 NY2d at 345; see Perry, 36 NY2d at 119; see also People v Baxin, 26 NY3d 6, 10 [2015]). The CPL contains various procedural safeguards that ensure that the information upon which courts rely is accurate and that the

parties have an opportunity to respond (see Hansen, 99 NY2d at 346; CPL 380.50 [1], [2], [3]; 390.20 [1]; 390.30 [1]; 390.40 [1]; 400.10).

In its current form, CPL 390.50 -- which is entitled "Confidentiality of pre-sentence reports and memoranda" -- declares that while PSIs are presumptively confidential, disclosure to the parties is required for sentencing purposes. As relevant here, CPL 390.50 states:

> "Not less than one court day prior to sentencing, . . . the presentence report or memorandum shall be made available by the court for examination and for copying by the defendant's attorney . . . and the prosecutor.  In its discretion, the court may except from disclosure . . . sources of information which have been obtained on a promise of confidentiality . . . .  In all cases where a part or parts of the report or memoranda are not disclosed, the court shall state for the record that a part or parts of the report or memoranda have been excepted and the reasons for its action.  The action of the court excepting information from disclosure shall be subject to appellate review" (CPL 390.50 [2] [a] [emphasis added]).

The purpose of that provision is to afford defendants the opportunity at sentencing to contest any information in the PSI upon which the sentencing court may rely.

On remittal here, the sentencing court stated that it had reviewed a document that had been attached to the PSI as the last page, which was labeled "Confidential to the Court."  The court noted that, because the "information was provided to the Probation Department on the promise of confidentiality," the

court was excepting it from disclosure to the defense.

Defendant complains that the court abdicated its duty to exercise its own discretion, instead blindly relying on the Probation Department's promise of confidentiality.  While courts cannot entirely delegate their authority (see e.g. People v Fuller, 57 NY2d 152, 157-158 [1982]), and cannot automatically except all information from disclosure merely because the Probation Department -- or any other person or entity -- made a promise, courts do not necessarily engage in an unauthorized delegation every time they except information on that basis.  Indeed, the statute specifically includes a promise of confidentiality as a basis for excepting disclosure.  Courts must, however, exercise their own discretion and make their own determinations regarding the need for confidentiality and whether disclosure is warranted.

On the record before us here, it is impossible to review whether the court abused its discretion in excepting the document in question from disclosure, because neither this Court nor the Appellate Division was provided with the one page that was withheld from the parties.[3]  Inasmuch as the two injured persons spoke at sentencing, as did the parents of the female victim, defendant was fully aware of the identities and positions

_____

[3] In general, to facilitate intelligent appellate review of a sentencing court's decision to except from disclosure materials or information contained in a PSI, the intermediate appellate court should conduct an in camera review of the unredacted PSI.

of all of the victims.  Even if the page contained personal or contact information, which likely could properly have been redacted under the exception at issue, it is unclear why the court excepted the contents of an entire page from disclosure.[4] It is also unclear whether the promise of confidentiality from the Probation Department covered only personal pedigree information (i.e., the source), or the substance of the statement.  Particularly if that promise did include the substance, the court had an obligation to independently review the statement to ensure that confidentiality was necessary and, if so, the extent to which redaction was required.  Otherwise, as defendant argues, Probation Departments could circumvent the disclosure requirements of the statute merely by promising every declarant that their entire statements will be confidential. Wholesale redaction of the substance of documents leaves the defendant unable to verify the accuracy of the information or meaningfully respond to it, which would violate the statute and implicate the defendant's due process rights.  Hence, if a court decides that it is essential to keep confidential any portion of a document that might reveal its source, the court should, at the very least, disclose the nature of the document or redacted portion thereof -- to the extent possible without intruding on

---

[4] In fact, it is not even clear that the page in question consisted of a statement made by a victim, witness or other interested person, as opposed to a medical report or some other type of document.

any necessary confidentiality -- and should set forth on the record the basis for such determination. Alternatively, where possible, the court may choose not to rely on the document, and clearly so state on the record. Here, the court failed to explain the nature of the document or the reason for its confidentiality.

IV.

As a result of the court's failure to comply with its statutory obligation under CPL 390.50, defendant was deprived of the ability to respond to information that the court reviewed when imposing sentence, thus implicating his due process rights. Additionally, under the circumstances here, the appellate courts were unable to adequately review the sentencing court's denial of disclosure. Accordingly, the order of the Appellate Division should be reversed and the case remitted to County Court for further proceedings in accordance with this opinion.

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

Order reversed and case remitted to Monroe County Court for further proceedings in accordance with the opinion herein. Opinion by Judge Stein. Chief Judge DiFiore and Judges Rivera, Garcia and Wilson concur. Judges Fahey and Feinman took no part.

Decided June 22, 2017