People v Allen (2018 NY Slip Op 06832)





People v Allen


2018 NY Slip Op 06832


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

109170

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ANDRE R. ALLEN, Appellant.

Calendar Date: September 4, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and

 Pritzker, JJ.

Brian M. Quinn, Albany, for appellant.
Karen A. Heggen, District Attorney, Ballston Spa (Mary Theresa Northrup of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the County Court of Saratoga County (Murphy III, J.), entered December 2, 2016, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
Defendant waived indictment and pleaded guilty to a superior court information charging him with rape in the third degree, stemming from him engaging in sexual intercourse with a 15-year-old girl when he was 28 years old. Pursuant to the terms of the plea agreement, defendant waived his right to appeal orally and in writing. County Court, in turn, agreed to impose a prison sentence of 2½ years to be followed by a term of postrelease supervision (hereinafter PRS) of between 3 and 10 years. The court thereafter imposed a prison sentence of 2½ years with 10 years of PRS, and defendant now appeals.
We affirm. Initially, defendant's challenge to the agreed-upon sentence as harsh and excessive is precluded by his unchallenged and valid appeal waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Hakkenberg, 142 AD3d 1251, 1252 [2016], lv denied 28 NY3d 1072 [2016]). Defendant also argues that his guilty plea was not knowing, voluntary and intelligent in that County Court failed to adequately advise him during the plea allocution regarding PRS, but he failed to preserve this argument by an appropriate postallocution motion despite having had ample opportunity to do so prior to sentencing (see People v Williams, 27 NY3d 212, 221-222 [2016]; People v Crowder, 24 NY3d 1134, 1136 [2015]; People v Jones, 146 AD3d 1078, 1080 [2017], lv denied 29 NY3d 999 [2017]; cf. People v Bolivar, 118 AD3d 91, 93 [2014]). In any event, the record demonstrates that defendant was made aware of the PRS component of his sentence and its potential length during the plea colloquy.
To the extent that defendant contends that County Court was also required to advise him of the specific conditions of his PRS and the ramifications of violating them, this claim is also unpreserved and, moreover, incorrect (see People v Monk, 21 NY3d 27, 32-33 [2013]; People v Hernandez, 140 AD3d 1521, 1523 [2016], lv denied 28 NY3d 971 [2016]).
McCarthy, J.P., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.