People v Davis (2019 NY Slip Op 00579)





People v Davis


2019 NY Slip Op 00579


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8253 2064/15 2372/15

[*1]The People of the State of New York, Respondent,
v
Deval Davis, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Siobhan C. Atkins of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J.), rendered August 24, 2016, convicting defendant, upon his pleas of guilty, of attempted assault in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of eight years, unanimously affirmed.
The record establishes that the sentencing court fully discharged its obligations regarding consideration of youthful offender treatment (see People v Minemier, 29 NY3d 414, 419-421 [2017]). The record of the sentencing proceeding, at which the court referred to the plea proceeding, establishes that the court made a determination that there were no mitigating circumstances that would render defendant eligible for YO treatment on an armed felony conviction, and that it would decline to grant YO treatment in any event.
Upon our own review, we also find, in this case where defendant fired shots at another person on a busy street, that no mitigating circumstances (see CPL 710.30[3]) are present, and that regardless of eligibility, YO treatment would be inappropriate. We perceive no basis for reducing the sentence.
Defendant's claim that his counsel rendered ineffective assistance at sentencing by failing to argue for YO treatment or a lesser sentence is unreviewable on direct appeal because it involves matters not reflected in, or fully explained by, the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal.
The court properly imposed separate surcharges on the two convictions. Although they involved the same pistol, the two convictions involved separate acts, committed on different days (see People v Brown, 21 NY3d 739 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK