People v Ortiz (2022 NY Slip Op 02041)





People v Ortiz


2022 NY Slip Op 02041


Decided on March 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 24, 2022

112862
[*1]The People of the State of New York, Respondent,
v
Eyzaiya Ortiz, Appellant.

Calendar Date:February 9, 2022

Before:Lynch, J.P., Clark, Aarons, Colangelo and Fisher, JJ.

Law Offices of Michael Pollok, PLLC, Red Hook (Michael S. Pollok of counsel), for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Clark, J.
Appeal from a judgment of the County Court of Ulster County (Rounds, J.), rendered May 26, 2021, convicting defendant upon his plea of guilty of the crime of rape in the third degree.
In February 2021, pursuant to a plea agreement, defendant waived indictment and pleaded guilty to a superior court information charging him with rape in the third degree, a charge that stemmed from the allegation that he, being 22 years old, engaged in sexual intercourse with a female (hereinafter the victim) shortly before her seventeenth birthday. The plea also satisfied a charge that involved allegations of a nonconsensual incident that occurred when the victim was 17 years old — allegations that defendant denied. Under the terms of the agreement, defendant was promised a sentencing cap of 2½ years in prison plus 10 years of postrelease supervision, with a floor of six months in jail and 10 years of probation, and advised that he would be required to register as a sex offender irrespective of the sentence ultimately imposed. He was also required to waive his right to appeal.
At an appearance originally scheduled for sentencing and a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), County Court notified defendant that, in addition to the presentence report (hereinafter PSR) prepared for the instant conviction, it had received a victim impact statement under separate cover accompanied by a request from the victim and a recommendation from the Ulster County Probation Department to except the statement from disclosure so that it could not be viewed by defendant (see CPL 390.50 [2] [a]). The court indicated that it was inclined to grant the request but would make its final determination at sentencing, which was adjourned so that the court could consider the sentencing materials submitted to it by both parties. Defendant filed written opposition to the victim's request thereafter.
At the next appearance, County Court advised the parties that it found the PSR prepared for the instant conviction to be insufficient for it to understand defendant's prior criminal history and that it had therefore requested and received from the Probation Department unrelated PSRs prepared in conjunction with defendant's two prior youthful offender adjudications.[FN1] The court again adjourned sentencing, giving defense counsel the opportunity to review those PSRs. The court also indicated that it was still not yet ruling on the victim's request to except her statement from disclosure.
Sentencing ultimately took place at the next appearance. When defendant again objected to the nondisclosure of the victim impact statement, County Court stated that it recalled that it had in fact already granted the victim's request. The court went on to sentence defendant at the promised sentencing cap, making clear that it had relied upon the victim's confidential statement and the two youthful offender PSRs in fashioning its sentence, over [*2]defendant's continuing objections.[FN2] Defendant appeals.
Defendant's appellate arguments all involve his sentence. Initially, under well-settled law, defendant's challenge to the severity of the sentence is precluded by his waiver of the right to appeal, the voluntariness of which is not challenged (see People v Lopez, 6 NY3d 248, 255-256 [2006]). Next, defendant argues that County Court's decision to withhold the victim's statement violated CPL 380.50 (2) (c) and 390.50 (2) (a) and his due process rights, and that the court was without authority under either CPL 720.35 (2) or 390.50 (1) to sua sponte obtain, unseal and rely upon his unrelated youthful offender PSRs for sentencing, as opposed to SORA, purposes. These arguments are addressed "to the procedures utilized in determining his sentence and do[] not implicate the legality of the sentence or the power of the court to impose it," and such claims are generally precluded by a valid or unchallenged appeal waiver (People v Smith, 119 AD3d 1088, 1089 [2014], lvs denied 24 NY3d 1084, 1089 [2014]; see People v Brown, 37 NY3d 940, 941-942 [2021]; People v Callahan, 80 NY2d 273, 281 [1992]; People v Medina, 129 AD3d 1385, 1386 [2015], lv denied 26 NY3d 1090 [2015]). However, we find that defendant's CPL 390.50 (2) (a) argument must survive the waiver of appeal as the Legislature has, without qualification or restriction, expressly mandated that "[t]he action of the court excepting information from disclosure shall be subject to appellate review" (CPL 390.50 [2] [a]), and courts "may not create a limitation that the Legislature did not enact" (Matter of Theroux v Reilly, 1 NY3d 232, 240 [2003]; accord People v Francis, 30 NY3d 737, 748 [2018]).
As to the merits of that claim, "CPL 390.50 . . . declares that[,] while [PSRs] are presumptively confidential, disclosure to the parties is required for sentencing purposes" (People v Minemier, 29 NY3d 414, 422 [2017]), one of those purposes being to "afford defendants the opportunity at sentencing to contest any information in the [PSR] upon which the sentencing court may rely" (id. at 423; see CPL 390.50 [2] [a]). The information gathered during a presentence investigation generally includes a victim impact statement, which, when supplied, must be included in the PSR unless it is irrelevant to disposition (see CPL 390.30 [3] [b]). Although CPL 390.50 further provides that a court may, in its discretion, except from disclosure certain parts of a PSR or presentence memoranda, the statute makes clear that the court must state for the record "the reasons for its action" (CPL 390.50 [2] [a]).
Initially, the record before us does not reflect any ruling by County Court with respect to the victim's request to except her statement from disclosure. We therefore must conclude that the court failed to set forth "the reasons for its action" on the record, in violation of CPL 390.50 (2) (a) (see People v Minemier, 29 NY3d at 422-424).[FN3] The record also does not [*3]reflect that any consideration was given to redacting the victim's statement, leaving defendant wholly "unable to verify the accuracy of the information [therein] or meaningfully respond to it," in further contravention of the statute (id. at 424; see CPL 390.50 [2] [a]). What is clear, however, is that defendant never had the opportunity to review the victim's statement and that County Court heavily relied upon it in fashioning its sentence. Having reviewed that statement, we find that, under these circumstances, County Court's statutory violation requires that defendant's sentence be vacated and the matter remitted for resentencing (see People v Minemier, 29 NY3d at 424; People v Smith, 8 AD3d 1043, 1043-1044 [2004]).
Lastly, given the information that County Court was privy to, we agree that remittal to a different judge is warranted.[FN4] In light of our disposition, defendant's claim of judicial bias at sentencing is academic.
Lynch, J.P., Aarons, Colangelo and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Ulster County for further proceedings pursuant to CPL 460.50 (5) and for resentencing before a different judge; and, as so modified, affirmed.



Footnotes

Footnote 1: The PSR for the instant conviction reflects that defendant had no other legal history.

Footnote 2: The SORA hearing was ultimately postponed.

Footnote 3: To the extent that County Court relied upon its authority to except from disclosure "sources of information which have been obtained on a promise of confidentiality" (CPL 390.50 [2] [a]), we note that all involved were aware of the origin of the sole victim impact statement in this matter (see People v Minemier, 29 NY3d at 423-424).

Footnote 4: Irrespective of what material County Court may or may not consider in fashioning a sentence, we write to remind the court to be cautious with the details it puts on the record, thereby disclosing those details to the public, particularly when it has derived its information from otherwise confidential records (see generally CPL 720.35 [2]; People v Francis, 30 NY3d at 749-750).