People v Goins (2026 NY Slip Op 00757)

People v Goins

2026 NY Slip Op 00757

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, NOWAK, AND HANNAH, JJ.

1007 KA 23-00679

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vLAWREN GOINS, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (LEAH N. FARWELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWREN GOINS, DEFENDANT-APPELLANT PRO SE.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (PAUL J. WILLIAMS, III, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered October 11, 2022. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree and attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]) and attempted murder in the second degree (§§ 110.00, 125.25 [1]). Contrary to defendant's contention in his main brief, we conclude that defendant's waiver of the right to appeal was valid (see People v Gaines, 239 AD3d 1350, 1350 [4th Dept 2025]). Defendant's valid waiver of the right to appeal "precludes our review of his challenge to the severity of the sentence" (id. at 1351).
Contrary to defendant's further contention in the main brief, County Court did not fail to make an independent youthful offender determination (cf. People v Hobbs, 158 AD3d 1308, 1309 [4th Dept 2018]; see generally CPL 720.20 [1]), and the court was "not required to state, on the record, its reasons for denying defendant youthful offender status" (People v Minemier, 29 NY3d 414, 416 [2017]).
We have considered defendant's contentions in his pro se supplemental brief and conclude that they are without merit.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court