# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1179**

**KA 12-00387**

PRESENT: SMITH, J.P., CENTRA, FAHEY, CARNI, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

DAKOTA MIX, DEFENDANT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (M. William Boller, A.J.), rendered January 23, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31), defendant contends that County Court abused its discretion in denying his request to adjudicate him a youthful offender. We reject that contention. " 'The determination . . . whether to grant . . . youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case' " (*People v Dawson*, 71 AD3d 1490, 1490, *lv denied* 15 NY3d 749). Here, the record reflects that the court considered the relevant facts and circumstances in denying defendant's request. Although the crime was not particularly grave and did not involve violence, the remaining factors to be considered upon the application for youthful offender treatment weighed against such a determination (*cf. People v Shrubsall*, 167 AD2d 929, 930). Defendant has been involved with probation since he was 12 years old based on orders adjudicating him to be a person in need of supervision and juvenile delinquency adjudications and has been offered many services, but he continued to violate probation and was ultimately placed with the Office of Children and Family Services for 18 months. Defendant did not take responsibility for the instant offense and was uncooperative during his presentence interview. Defendant dropped out of school after the 10th grade and, although he was 19 years old at the time of sentencing, he had no verifiable employment and no plans for future employment in the area. The probation officer recommended against probation and believed that defendant's prospects for

rehabilitation and hope for a future constructive life were poor.  We therefore conclude that the court did not abuse its discretion in denying defendant's request.