# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**532**

**KA 12-01160**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

TRAVIS O. LEWIS, IV, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (CARA A. WALDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 29, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends, inter alia, that County Court abused its discretion in refusing to grant him youthful offender status. Initially, we note that, because "defendant was convicted of an armed felony, and was the sole participant in the crime, he could only be adjudicated a youthful offender if 'mitigating circumstances' existed 'that [bore] directly upon the manner in which the crime was committed' " (*People v Stokes*, 28 AD3d 592, 592, quoting CPL 720.10 [3]). Here, even assuming, arguendo, that the court credited defendant's statements that he possessed the illegal handgun to protect his younger brother who had received threats, and that such a rationale would qualify as mitigating circumstances to permit a youthful offender adjudication (*see generally People v Amir W.*, 107 AD3d 1639, 1640-1641), we conclude that the court did not abuse its discretion in refusing to grant defendant youthful offender status (*see People v Mix*, 111 AD3d 1417, 1418). In addition, we decline to grant his request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (*see People v Facen*, 67 AD3d 1478, 1479, *lv denied* 14 NY3d 800, *reconsideration denied* 15 NY3d 749; *cf. People v Shrubsall*, 167 AD2d 929, 930-931). The record establishes that defendant had several prior arrests resulting in juvenile prosecutions and a previous youthful offender adjudication that replaced a misdemeanor conviction, upon which he had

been sentenced to, inter alia, a term of probation (*see Mix*, 111 AD3d at 1418).  In addition, he violated that probationary sentence by, among other things, committing this crime, and he also twice violated the term of interim probation that the court imposed between the time of the plea and sentencing (*see People v Kocher*, 116 AD3d 1301, 1301-1303).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe.

Entered:  May 1, 2015                          Frances E. Cafarell
                                               Clerk of the Court