# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

551
KA 12-00590
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, AND DEJOSEPH, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

LUIS QUINONES, DEFENDANT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered August 10, 2011. The appeal was held by this Court by order entered June 19, 2015, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (129 AD3d 1699). The proceedings were held and completed in Supreme Court, Onondaga County (John J. Brunetti, A.J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to determine and state for the record whether defendant is a youthful offender (*People v Quinones*, 129 AD3d 1699, 1700; *see generally People v Middlebrooks*, 25 NY3d 516, 525-527; *People v Rudolph*, 21 NY3d 497, 499-501). The proceedings upon remittal were conducted in Supreme Court (Brunetti, A.J.), and that court denied defendant's request for youthful offender treatment. The court found that there were no mitigating circumstances bearing directly on the manner in which the crime was committed and thus that defendant was not an eligible youth upon his conviction of two counts of criminal possession of a weapon in the second degree, an armed felony offense in which he was the sole participant (*see* CPL 720.10 [2] [a] [ii]; [3]; *People v Lewis*, 128 AD3d 1400, 1400, *lv denied* 25 NY3d 1203). We conclude that the court did not thereby abuse its discretion (*see generally Middlebrooks*, 25 NY3d at 526-527; *People v Garcia*, 84 NY2d 336, 342-343), and we decline to grant defendant's request that we exercise our interest of justice jurisdiction to determine that mitigating circumstances exist and adjudicate him a youthful offender (*see People v Hall*, 130 AD3d 1495, 1496, *lv denied* 26 NY3d 968; *Lewis*, 128 AD3d at 1400-1401; *cf. People v Amir W.*, 107

AD3d 1639, 1640-1641).