People v Williams (2018 NY Slip Op 01750)





People v Williams


2018 NY Slip Op 01750


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND NEMOYER, JJ.


239 KA 14-00974

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAJERON WILLIAMS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered April 3, 2014. The appeal was held by this Court by order entered March 24, 2017, and the matter was remitted to Monroe County Court for further proceedings (148 AD3d 1701). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to determine and state for the record whether defendant is a youthful offender (People v Williams, 148 AD3d 1701, 1702 [4th Dept 2017]; see generally People v Middlebrooks, 25 NY3d 516, 525-527 [2015]; People v Rudolph, 21 NY3d 497, 499-501 [2013]). Upon remittal, the court determined that defendant is not an eligible youth because he was convicted of robbery in the first degree (Penal Law § 160.15 [4]), an armed felony offense (see CPL 720.10 [2] [a] [ii]), and neither of the factors set forth in CPL 720.10 (3) applies (see People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]). We conclude that the court's determination does not constitute an abuse of its discretion (see generally Middlebrooks, 25 NY3d at 526-527; People v Garcia, 84 NY2d 336, 342-343 [1994]). We decline to grant defendant's request that we exercise our interest of justice jurisdiction to determine that mitigating circumstances exist pursuant to CPL 720.10 (3) (i) and to adjudicate him a youthful offender (see People v Hall, 130 AD3d 1495, 1496 [4th Dept 2015], lv denied 26 NY3d 968 [2015]; Lewis, 128 AD3d at 1400-1401; cf. People v Amir W., 107 AD3d 1639, 1640-1641 [4th Dept 2013]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court