People v Johnson (2020 NY Slip Op 02418)





People v Johnson


2020 NY Slip Op 02418


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND BANNISTER, JJ.


338 KA 17-02055

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FLOYD JOHNSON, DEFENDANT-APPELLANT.






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered April 11, 2017. The judgment convicted defendant upon his plea of guilty of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant contends that Supreme Court erred in denying his motion to withdraw his guilty plea on the ground that defense counsel coerced him into pleading guilty (see generally People v Gast, 114 AD3d 1270, 1271 [4th Dept 2014], lv denied 22 NY3d 1198 [2014]). We disagree.
" In the absence of some evidence of innocence, fraud, or mistake in the inducement of the plea, the decision whether to permit a defendant to withdraw a plea of guilty rests solely within the court's discretion' " (People v Anderson, 63 AD3d 1617, 1618 [4th Dept 2009], lv denied 13 NY3d 858 [2009]). Additionally, " the nature and extent of the fact-finding inquiry rest[s] largely in the discretion of the Judge to whom the motion is made and a hearing will be granted only in rare instances' " (People v Manor, 27 NY3d 1012, 1013 [2016]). Here, the court granted defendant a hearing on his motion, and thus the court was entitled to decide the motion by resolving any issues of credibility that arose therein (see People v Henderson, 148 AD3d 1779, 1780 [4th Dept 2017]). We conclude that, based on the testimony adduced at the hearing, the court did not abuse its discretion in determining that defense counsel had not coerced defendant into entering his guilty plea such that the plea was not knowingly, intelligently, and voluntarily entered (see generally Gast, 114 AD3d at 1271).
Although we agree with defendant that his purported waiver of the right to appeal is invalid (see People v Thomas, — NY3d &mdash, &mdash, 2019 NY Slip Op 08545, *6-7 [2019]), we reject defendant's contentions that the court abused its discretion in denying him youthful offender status (see generally People v Randleman, 60 AD3d 1358, 1358 [4th Dept 2009], lv denied 12 NY3d 919 [2009]), and that his sentence is unduly harsh and severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court