People v Douglas (2020 NY Slip Op 06642)





People v Douglas


2020 NY Slip Op 06642


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


927 KA 18-02093

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TAHEEB DOUGLAS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered August 22, 2018. The judgment convicted defendant upon his plea of guilty of criminal sexual act in the second degree (two counts), sexual abuse in the second degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, two counts of criminal sexual act in the second degree (Penal Law § 130.45 [1]). Preliminarily, we note that defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-568 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Johnson, 182 AD3d 1036, 1036 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]), and that the better practice is for County Court "to use the Model Colloquy, which 'neatly synthesizes . . . the governing principles' " (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020], quoting Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal). To the extent that defendant contends that the court abused its discretion in declining to grant him youthful offender status, we reject that contention (see Johnson, 182 AD3d at 1036). We decline defendant's request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender (see People v Nicorvo [appeal No. 2], 177 AD3d 1408, 1409 [4th Dept 2019]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court