People v Davis (2020 NY Slip Op 06896)





People v Davis


2020 NY Slip Op 06896


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


822 KA 19-00250

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHEAHONNIE DAVIS, DEFENDANT-APPELLANT. 






BELLETIER LAW OFFICE, SYRACUSE (ANTHONY BELLETIER OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered August 24, 2018. The judgment convicted defendant upon a plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon her plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]). We affirm.
We agree with defendant that she did not validly waive her right to appeal. Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), defendant's waiver of the right to appeal was invalid because County Court's oral colloquy mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US — , 140 S Ct 2634 [2020]; cf. People v Cromie, — AD3d — , 2020 NY Slip Op 05647 [4th Dept 2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (Thomas, 34 NY3d at 567, citing NY Model Colloquies, Waiver of Right to Appeal).
Furthermore, the written waiver executed by defendant did not contain any clarifying language to correct deficiencies in the oral colloquy. Rather, it perpetuated the oral colloquy's mischaracterization of the waiver of the right to appeal as an absolute bar to the taking of a first-tier direct appeal and even stated that the rights defendant was waiving included the "right to have an attorney appointed" if she could not afford one and the "right to submit a brief and argue before an appellate court issues relating to [her] sentence and conviction" (see id. at 554, 564-566). Where, as here, the "trial court has utterly 'mischaracterized the nature of the right a defendant was being asked to cede,' [this] '[C]ourt cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (id. at 565-566).
Because the purported waiver of the right to appeal is unenforceable, it does not preclude our review of defendant's challenge to the court's refusal to grant her youthful offender status (see People v Johnson, 182 AD3d 1036, 1036 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Nevertheless, we conclude that the court did not abuse its discretion in declining to adjudicate defendant a youthful offender (see People v Simpson, 182 AD3d 1046, 1046 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see generally People v Minemier, 29 NY3d 414, 421 [2017]). In addition, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant her such status (see Simpson, 182 AD3d at 1046; Lewis, [*2]128 AD3d at 1400-1401; cf. Keith B.J., 158 AD3d at 1161).
Finally, we note that we have not considered belated arguments not raised in defendant's appellate brief, i.e., her contention that the sentence is unduly harsh and severe (see People v Weaver, 222 AD2d 1046, 1046 [4th Dept 1995], appeal denied 87 NY2d 1026 [1996], cert denied 519 US 855 [1996]).
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court