People v Josue F. (2021 NY Slip Op 00973)





People v Josue F.


2021 NY Slip Op 00973


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1103 KA 16-02342

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSUE F., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an adjudication of the Monroe County Court (Vincent M. Dinolfo, J.), rendered November 3, 2016. The adjudication revoked defendant's sentence of probation. 
It is hereby ORDERED that said appeal is unanimously dismissed.
Memorandum: In appeal No. 1, defendant appeals from an adjudication that revoked the sentence of probation imposed on his prior youthful offender adjudication of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (id.) and sentencing him to a determinate term of imprisonment of six years followed by three years of postrelease supervision.
As an initial matter, defendant raises no contentions with respect to the adjudication in appeal No. 1, and we therefore dismiss the appeal from that adjudication (see People v White [appeal No. 2], 173 AD3d 1852, 1852 [4th Dept 2019]; People v Scholz, 125 AD3d 1492, 1492 [4th Dept 2015], lv denied 25 NY3d 1077 [2015]).
With respect to appeal No. 2, we agree with defendant that his waiver of the right to appeal is invalid. Here, in describing the nature of defendant's right to appeal and the breadth of the waiver of that right, County Court said: "[T]his case ends when I sentence you. . . ." Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), defendant's waiver of the right to appeal was invalid because the court mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], — US &mdash, 140 S Ct 2634 [2020]). The better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (id. at 567, citing NY Model Colloquies, Waiver of Right to Appeal). We further conclude that the written waiver signed by defendant did not contain any clarifying language to correct the deficiencies in the oral colloquy (see People v Davis, 188 AD3d 1731, 1732 [4th Dept 2020]). Rather, it perpetuated the oral colloquy's mischaracterization of the waiver of the right to appeal as an absolute bar to the taking of an appeal by stating that defendant was "giv[ing] up any and all rights to appeal from the judgment" and that "the plea agreement in this matter will be a complete and final disposition of this matter" (see generally id.).
Nevertheless, we reject defendant's contention that his sentence is unduly harsh and severe.
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court