People v McDaniels (2021 NY Slip Op 06294)





People v Mcdaniels


2021 NY Slip Op 06294


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, TROUTMAN, WINSLOW, AND DEJOSEPH, JJ.


992 KA 19-01821

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SIMEON J. MCDANIELS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered April 26, 2017. The judgment convicted defendant upon a plea of guilty of robbery in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]). We decline to grant defendant's request that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender. Considering the "broad range of factors pertinent to any youthful offender determination" (People v Middlebrooks, 25 NY3d 516, 527 [2015]; see People v Cruickshank, 105 AD2d 325, 334 [3d Dept 1985], affd 67 NY2d 625 [1986]), we conclude that defendant should not be afforded youthful offender status under the circumstances of this case. Defendant participated in an admittedly violent crime, he received a prior youthful offender adjudication, he violated the terms of the plea agreement here, and the presentence report did not recommend youthful offender status (see People v Abdul-Jaleel, 142 AD3d 1296, 1298-1299 [4th Dept 2016], lv denied 29 NY3d 946 [2017]). Contrary to defendant's further contention, the period of postrelease supervision is not unduly harsh or severe.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court