People v McCrayer (2021 NY Slip Op 06289)





People v Mccrayer


2021 NY Slip Op 06289


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.


977 KA 19-01125

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAAQUIM MCCRAYER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered November 28, 2018. The judgment convicted defendant upon a plea of guilty of attempted murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). We affirm.
As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal. Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]), defendant's waiver of the right to appeal was invalid because Supreme Court's oral colloquy mischaracterized it as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Davis, 188 AD3d 1731, 1731 [4th Dept 2020], lv denied 37 NY3d 991 [2021]). Although the record establishes that defendant executed a written waiver of the right to appeal, that does not cure the deficient oral colloquy because the court did not inquire of defendant whether he understood the written waiver or whether he had read the waiver before signing it (see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]).
Contrary to defendant's contention, however, we conclude that the sentence is not unduly harsh or severe. 
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court