People v Schlifke (2022 NY Slip Op 06603)

People v Schlifke

2022 NY Slip Op 06603

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

874 KA 19-02106

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DEREK SCHLIFKE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 22, 2019. The judgment convicted defendant, upon his plea of guilty, of unauthorized use of a vehicle in the second degree, grand larceny in the fourth degree (six counts) and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of one count of unauthorized use of a vehicle in the second degree (Penal Law § 165.06), six counts of grand larceny in the fourth degree (§ 155.30 [4], [7]), and one count of petit larceny (§ 155.25) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of one count each of criminal possession of a forged instrument in the second degree (§ 170.25) and criminal possession of stolen property in the fourth degree (§ 165.45 [2]). As defendant contends and the People correctly concede in each appeal, defendant did not validly waive his right to appeal. Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]), defendant's waivers of the right to appeal were invalid because Supreme Court's oral colloquies mischaracterized the waivers as absolute bars to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Davis, 188 AD3d 1731, 1731 [4th Dept 2020], lv denied 37 NY3d 991 [2021]). Although the record establishes that defendant executed a written waiver of the right to appeal in each appeal, the written waivers did not cure the deficient oral colloquies because the court did not inquire of defendant whether he understood the written waivers or whether he had read the waivers before signing them (see People v Sanford, 138 AD3d 1435, 1436 [4th Dept 2016]).
Defendant contends in both appeals that he was denied due process at sentencing by the court's consideration of an email from a police detective who had prior dealings with defendant (see generally People v Naranjo, 89 NY2d 1047, 1049 [1997]). That contention is not preserved for our review because defendant made no objection at sentencing (see People v Houston, 142 AD3d 1397, 1399 [4th Dept 2016], lv denied 28 NY3d 1146 [2017]; People v Colome-Rodriguez, 120 AD3d 1525, 1525-1526 [4th Dept 2014], lv denied 25 NY3d 1161 [2015]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Contrary to defendant's further contention in both appeals, the sentences are not unduly harsh or severe. We note with respect to appeal No. 1, however, that the certificate of conviction contains several errors regarding the counts in the superior court information to which defendant pleaded guilty, and the certificate of conviction must therefore be amended to reflect that, under count four, defendant pleaded guilty to grand larceny in the fourth degree in violation of Penal [*2]Law § 155.30 (7); under count seven, he pleaded guilty to petit larceny; and under count eight, he pleaded guilty to grand larceny in the fourth degree in violation of section 155.30 (4) (see generally People v Morrow, 167 AD3d 1516, 1518 [4th Dept 2018], lv denied 33 NY3d 951 [2019]; People v Kowal, 159 AD3d 1346, 1347 [4th Dept 2018]; People v Roots, 48 AD3d 1031, 1032 [4th Dept 2008]). Finally, with respect to appeal No. 2, we note that the certificate of conviction does not reflect defendant's status as a second felony offender, and it must be amended accordingly (see People v Southard, 163 AD3d 1461, 1462 [4th Dept 2018]).
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court