People v Joseph (2023 NY Slip Op 01390)

People v Joseph

2023 NY Slip Op 01390

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, BANNISTER, MONTOUR, AND OGDEN, JJ.

100 KA 19-00110

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARLIN JOSEPH, DEFENDANT-APPELLANT. 

ERIK TEIFKE, ACTING PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered November 16, 2018. The judgment convicted defendant upon his plea of guilty of attempted criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal. Supreme Court's oral colloquy mischaracterized the waiver as absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Davis, 188 AD3d 1731, 1731 [4th Dept 2020], lv denied 37 NY3d 991 [2021]). Although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver did not cure the deficient oral colloquy (see Davis, 188 AD3d at 1732).
Nevertheless, defendant's contention that the statute pursuant to which he was convicted is unconstitutional in light of the United States Supreme Court's decision in New York State Rifle & Pistol Assn., Inc. v Bruen (— US &mdash, 142 S Ct 2111 [2022]) is not preserved for our review (see People v Jacque-Crews, — AD3d &mdash, &mdash, 2023 NY Slip Op 00785 [4th Dept 2023]; People v Reinard, 134 AD3d 1407, 1409 [4th Dept 2015], lv denied 27 NY3d 1074 [2016], cert denied — US &mdash, 137 S Ct 392 [2016]).
Contrary to defendant's further contention, the sentence is not
unduly harsh or severe.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court