People v Shea'Honnie D. (2023 NY Slip Op 03137)

People v Shea'Honnie D.

2023 NY Slip Op 03137

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

443 KA 19-00250

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHEA'HONNIE D., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

CAMBARERI & BRENNECK, SYRACUSE (MELISSA K. SWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Onondaga County Court (Matthew J. Doran, J.), rendered August 24, 2018. The judgment convicted defendant upon her plea of guilty of attempted robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence to a determinate term of imprisonment of six years and a period of postrelease supervision of 2½ years, and as modified the judgment is affirmed.
Memorandum: On a prior appeal, we affirmed the judgment convicting defendant upon her plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]). We subsequently granted defendant's motion for a writ of error coram nobis on the ground that appellate counsel had failed to raise an issue on appeal that may have merit, i.e., whether the sentence is unduly harsh and severe, and we vacated our prior order. We now consider the appeal de novo.
We agree with defendant that she did not validly waive her right to appeal. Although no "particular litany" is required for a waiver of the right to appeal to be valid (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Johnson [appeal No. 1], 169 AD3d 1366, 1366 [4th Dept 2019], lv denied 33 NY3d 949 [2019]), defendant's waiver of the right to appeal is invalid because County Court's oral colloquy mischaracterized it as an "absolute bar" to the taking of an appeal (People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US —, 140 S Ct 2634 [2020]; cf. People v Cromie, 187 AD3d 1659, 1659 [4th Dept 2020], lv denied 36 NY3d 971 [2020]). We note that the better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (Thomas, 34 NY3d at 567; see NY Model Colloquies, Waiver of Right to Appeal).
Furthermore, the written waiver executed by defendant did not contain any clarifying language to correct deficiencies in the oral colloquy. Rather, it perpetuated the oral colloquy's mischaracterization of the waiver of the right to appeal as an absolute bar to the taking of a first-tier direct appeal and even stated that the rights defendant was waiving included the "right to have an attorney appointed" if she could not afford one and the "right to submit a brief and argue before an appellate court issues relating to [her] sentence and conviction" (see Thomas, 34 NY3d at 554, 564-566). Where, as here, the "trial court has utterly 'mischaracterized the nature of the right a defendant was being asked to cede,' [this] '[C]ourt cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (id. at 565-566).
Because the purported waiver of the right to appeal is unenforceable, it does not preclude [*2]our review of defendant's challenge to the court's refusal to grant her youthful offender status (see People v Johnson, 182 AD3d 1036, 1036 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Nevertheless, we conclude that the court did not abuse its discretion in declining to adjudicate defendant a youthful offender (see People v Simpson, 182 AD3d 1046, 1047 [4th Dept 2020], lv denied 35 NY3d 1049 [2020]; People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see generally People v Minemier, 29 NY3d 414, 421 [2017]). In addition, having reviewed the applicable factors pertinent to a youthful offender determination (see People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]), we decline to exercise our interest of justice jurisdiction to grant her such status (see Simpson, 182 AD3d at 1047; Lewis, 128 AD3d at 1400-1401; cf. Keith B.J., 158 AD3d at 1161).
We agree with defendant, however, that the sentence is unduly harsh and severe, and we therefore modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) by reducing the sentence to a determinate term of imprisonment of six years (see Penal Law § 70.02 [3] [b]) and a period of postrelease supervision of 2½ years (see § 70.45 [2] [f]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court