People v Wiggins (2024 NY Slip Op 03614)

People v Wiggins

2024 NY Slip Op 03614

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

314 KA 19-01029

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROGER WIGGINS, DEFENDANT-APPELLANT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered April 1, 2019. The judgment convicted defendant upon his plea of guilty of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, the motion seeking to suppress evidence obtained from defendant's cellular phone is granted, and the matter is remitted to Supreme Court, Monroe County, for further proceedings on the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of murder in the second degree (Penal Law
§ 125.25 [1]). As defendant contends and the People correctly concede, defendant did not validly waive his right to appeal. Supreme Court's oral colloquy mischaracterized the waiver as an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v Davis, 188 AD3d 1731, 1731 [4th Dept 2020], lv denied 37 NY3d 991 [2021]) and, although the record establishes that defendant executed a written waiver of the right to appeal, the written waiver did not cure the defects in the oral colloquy (see Davis, 188 AD3d at 1732).
Contrary to defendant's further contention, the court properly refused to suppress his statements to the police inasmuch as defendant "did not clearly communicate a desire to cease all questioning indefinitely" (People v Caruso, 34 AD3d 860, 863 [3d Dept 2006], lv denied 8 NY3d 879 [2007]; see People v Flowers, 122 AD3d 1396, 1397 [4th Dept 2014], lv denied 24 NY3d 1219 [2015]) and thus did not make an " 'unequivocal and unqualified' " assertion of his right to remain silent (People v Zacher, 97 AD3d 1101, 1101 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]; see People v Young, 153 AD3d 1618, 1619 [4th Dept 2017], lv denied 30 NY3d 1065 [2017], reconsideration denied 31 NY3d 1123 [2018], cert denied — US &mdash, 139 S Ct 84 [2018]; People v Cole, 59 AD3d 302, 302 [1st Dept 2009], lv denied 12 NY3d 924 [2009]).
Finally, defendant contends that the court erred in denying his motion seeking to suppress evidence seized from his cellular phone during the execution of a search warrant. Defendant asserts that the search warrant lacked particularity. We agree. A search warrant must be "specific enough to leave no discretion to the executing officer" (People v Gordon, 36 NY3d 420, 429 [2021] [internal quotation marks omitted]). To meet the particularity requirement, a search warrant must (1) "identify the specific offense for which the police have established probable cause," (2) "describe the place to be searched," and (3) "specify the items to be seized by their relation to designated crimes" (United States v Galpin, 720 F3d 436, 445-446 [2d Cir 2013] [internal quotation marks omitted]; see People v Saeli [appeal No. 1], 219 AD3d 1122, 1124 [4th Dept 2023]; see generally People v Madigan, 169 AD3d 1467, 1468 [4th Dept 2019], [*2]lv denied 33 NY3d 1033 [2019]). Here, the search warrant authorized and directed the police to search for, inter alia, "cellular phones (including contents)" located in defendant's vehicle. Significantly, the search was not restricted by reference to any particular crime. Thus, the search warrant failed to meet the particularity requirement and left discretion over the search to the executing officers (see People v Melamed, 178 AD3d 1079, 1081 [2d Dept 2019]; see generally Gordon, 36 NY3d at 429). The search warrant states that an affidavit from a police investigator provided the basis for the finding of probable cause for the search. Although that affidavit contained information about the crime and defendant's exchange of text messages with the victim before the crime, the mere mention in a search warrant of an affidavit or application "does not save the warrant from its facial invalidity" where the search warrant contains no language incorporating that document (Melamed, 178 AD3d at 1083 [internal quotation marks omitted]; see Groh v Ramirez, 540 US 551, 557-558 [2004]; United States v George, 975 F2d 72, 76 [2d Cir 1992]). We therefore conclude that the court should have granted the motion.
Consequently, we reverse the judgment, vacate the plea, grant defendant's motion seeking to suppress evidence obtained from defendant's cellular phone, and remit the matter to Supreme Court for further proceedings on the indictment.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court