People v Glover (2025 NY Slip Op 03913)

People v Glover

2025 NY Slip Op 03913

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, GREENWOOD, AND NOWAK, JJ.

446 KA 19-00095

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYKYAL GLOVER, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (CLEA WEISS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered November 20, 2018. The judgment convicted defendant, upon his plea of guilty, of assault in the first degree and criminal possession of a weapon in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence of imprisonment imposed on each count to a determinate term of 13 years, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of one count of assault in the first degree (Penal Law § 120.10 [1]) and four counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]).
Defendant contends that his plea was involuntary because Supreme Court did not conduct an inquiry regarding a possible justification defense during the plea colloquy. It is well settled that, " 'where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea, . . . the trial court has a duty to inquire further to ensure [the] guilty plea is knowing and voluntary' " (People v Mox, 20 NY3d 936, 938 [2012], quoting People v Lopez, 71 NY2d 662, 666 [1988]). " '[W]here the court fails in this duty and accepts the plea without further inquiry, the defendant may challenge the sufficiency of the allocution on direct appeal' despite failing to do so in the form of a 'postallocution motion' " (id., quoting Lopez, 71 NY2d at 666). Here, because "[n]othing [defendant] said [during the plea colloquy] raised the possibility of a viable justification defense" (People v Manor, 121 AD3d 1581, 1582 [4th Dept 2014], affd 27 NY3d 1012 [2016] [internal quotation marks omitted]), no further inquiry was necessary. Thus, the narrow exception to the preservation rule does not apply (see People v Steele, 167 AD3d 1514, 1515 [4th Dept 2018], lv denied 33 NY3d 954 [2019]).
Next, defendant contends that the court did not properly consider whether defendant should receive youthful offender status. Specifically, he contends that the court predetermined that he would not receive youthful offender status inasmuch as, when the court extended its plea offer, the promised sentencing range exceeded the maximum term for a youthful offender sentence. At the time of defendant's plea, the court acknowledged that a youthful offender adjudication was "on the table," and that it "would have to review the [youthful offender] situation, [and] use [its] discretion at sentencing." At sentencing, because defendant was convicted of armed felony offenses (see CPL 1.20 [41]; Penal Law § 70.02 [1] [a], [b]), the court was required to make a threshold determination whether defendant was an eligible youth pursuant to CPL 720.10 (3) before considering the range of factors pertinent to a youthful offender determination (see People v Middlebrooks, 25 NY3d 516, 527 [2015]). When the court determined that defendant was not eligible for youthful offender status, its stated reasons were that defendant was a "major participant" in the crime and that there were "no mitigating [*2]circumstances" bearing directly on the manner in which the crime was committed. We conclude that defendant's contention that the court did not properly consider whether he should receive youthful offender status is not supported by the record (see Middlebrooks, 25 NY3d at 526-527; see generally People v Rudolph, 21 NY3d 497, 499 [2013]).
We decline to grant the request of defendant that we exercise our interest of justice jurisdiction to adjudicate him a youthful offender. Assuming, arguendo, that there were sufficient mitigating circumstances to warranting a determination that defendant is an eligible youth (see People v Lewis, 128 AD3d 1400, 1400 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see generally People v Z.H., 192 AD3d 55, 56-57 [4th Dept 2020]; People v Amir W., 107 AD3d 1639, 1640-1641 [4th Dept 2013]), we nonetheless conclude, after considering the "broad range of factors pertinent to any youthful offender determination" (Middlebrooks, 25 NY3d at 527), that defendant should not be afforded youthful offender status (see People v McDaniels, 199 AD3d 1403, 1404 [4th Dept 2021], lv denied 37 NY3d 1162 [2022]).
We conclude, however, that the sentence imposed is unduly harsh and severe. We therefore modify the judgment as a matter of discretion in the interest of justice (see CPL 470.15 [6] [b]) by reducing the term of imprisonment imposed on each count to a determinate term of 13 years (see Penal Law § 70.02 [1] [a], [b]; [3] [a], [b]).
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court